LEDOUX et al. v. LA BEE, County Treasurer.

(Circuit Court, D. South Dakota, W. D. November 30, 1897.)

No. 174.

1. EQUITY JURISDICTION—SUIT BY RECEIVER.

A federal circuit court has power to protect from invasion property within its custody in a cause within its jurisdiction, and, in order to sustain the application of its receiver for such protection, the ordinary grounds of equity interposition need not be set forth.

2. TAX—LIEN ON ASSETS—ENFORCEMENT.

A valid tax upon property of a corporation in the hands of a receiver constitutes a claim upon its assets within the jurisdiction, superior to every other claim except judicial costs. But this lien must be enforced by and under the sanction of the court.

3. SAME—RECEIVER—APPLICATION FOR PROTECTION.

It is the right and duty of a receiver, if he considers the legality of a tax questionable, to apply to the court for instruction or protection.

4. SAME—CONTEMPT.

The rule that unauthorized interference with the possession of property in custodia legis constitutes contempt finds no exception in favor of officers engaged in the collection of taxes.

5. SAME—JUDGMENT OF ASSESSORS—REVIEW.

For relief against excessive or irregular taxation under state laws the citizen must apply to the board constituted to pass upon such complaints, and, in the event of his failure to do so, the judgment of the assessing officers in cases within their jurisdiction is not open to collateral attack.

6. SAME—REAL AND PERSONAL PROPERTY—LISTING.

Certain property in South Dakota belonging to a corporation in the hands of a receiver was annually listed by the company or by its receiver as personal property, and was so assessed. In a suit by the receiver to restrain the sale of property of the corporation for the payment of delinquent taxes, *held* that, even assuming the property to be in fact realty, the facts furnished no basis for an attack on the validity of the assessments.

This was a suit by Albert R. Ledoux, as receiver of the Harney Peak Tin Mining, Milling & Manufacturing Company, and others, to enjoin William H. La Bee, as county treasurer of Pennington county, S. D., from making a sale of certain property for delinquent taxes.

Edwin Van Cise, for complainants.

Edmund Smith and Wood & Buell, for defendant.

CARLAND, District Judge. This is an action brought by complainants for the purpose of enjoining the sale of certain personal property described in the bill of complaint by the defendant William

H. La Bee, acting as county treasurer of Pennington county, S. D. The bill was filed in this court on the 29th day of September, 1897, and on said day, upon an examination of said bill, an order to show cause was granted by the court, requiring the defendant to show cause on a date therein named why a temporary injunction should not issue during the pendency of this action. On the date named in the order to show cause, defendant appeared, filed his sworn answer, and numerous affidavits were submitted, both on the part of the defendant and complainants. The facts upon which relief is sought by complainants having been fully developed on the hearing, it will be proper to consider the merits of the action to a greater extent than is usually the case on motion for temporary injunction.

The bill alleges: That the Harney Peak Tin Mining, Milling & Manufacturing Company is a corporation organized and existing under and by virtue of the laws of the state of New York. That Charles Fletcher, Henry Landon Maud, Charles Edward Denny, Edward Maynard Denny, and John Scudmore Sellon are citizens of the kingdom of Great Britain and Ireland. That Albert R. Ledoux is a citizen of the state of New York, and that said Ledoux was, on the 28th day of June, 1894, duly appointed receiver of all the property of whatever kind and description of the Harney Peak Tin Mining, Milling & Manufacturing Company (hereafter called "Harney Peak Company"), by the circuit court of the United States for the Southern district of New York, and thereupon duly qualified and took possession of all the property of said Harney Peak Company within the last-named jurisdiction. That on July 16, 1894, an ancillary suit was commenced in the United States circuit court for the district of South Dakota, wherein the same complainants that commenced the suit in the Southern district of New York in which said Ledoux was appointed receiver filed a duplicate of the bill of complaint filed by them in the Southern district of New York, and thereupon the circuit court for the district of South Dakota appointed said Ledoux receiver of all the assets and property of every kind and description of the said Harney Peak Company situated within the district of South Dakota; the circuit court for the district of South Dakota not requiring any other bond or qualification on the part of said receiver than had already been had and given in the court of primary jurisdiction except that the circuit court of the district of South Dakota required Ledoux, as receiver, to appoint a resident agent within the district of South Dakota. So far as this court is concerned, it knows nothing of what has been done by said receiver in regard to the assets of said Harney Peak Company within this jurisdiction. No report has ever been made to this court by said receiver, and the present presiding judge of this court did not know of such receivership until the commencement of this action. No complaint was made at the hearing of the joinder with the receiver of the Harney Peak Company, and stockholders therein, with the receiver as complainants, but both sides treated the action as one brought by the receiver alone. The court will also treat it as such, for the reason that, if a receiver was willing to bring the action, it was improper to join the other complainants with him.

From the pleadings and the affidavits submitted by both parties on the hearing of the order to show cause, the following additional facts appear: Upon the appointment of said Ledoux as receiver in this jurisdiction in 1894, said receiver took possession of all the assets and property of whatever kind and description belonging to the Harney Peak Company situated within the district of South Dakota, and continued to hold possession of all of the same until the 22d day of September, 1897, when the defendant, acting as the county treasurer of Pennington county, S. D., seized and took into his possession the personal property mentioned and described in complainants' bill of complaint, and which consists of so many different articles as to render it impracticable to describe them in this opinion. That at the time the order to show cause was issued in this action, which contained a restraining clause, said defendant had advertised said personal property for sale on the 1st day of October, 1897, in order to satisfy the delinquent taxes of the Harney Peak Company due the state of South Dakota and the county of Pennington for the years 1893, 1894, 1895, and 1896, which said taxes, delinquent as aforesaid, amounted in the aggregate to $10,806. As a general rule, the fact that the property seized and advertised for sale is personal property would be sufficient to defeat the complainants in this action, as the remedy at law would be adequate; but this court, having possession of the property and assets of the Harney Peak Company through its receiver, has jurisdiction to inquire into the legality of any claim sought to be enforced against it, or the legality and lawfulness of any invasion of said possession, independent of any grounds of equitable jurisdiction, which must exist in other cases. As said in the case of In re Tyler, 149 U. S. 181, 13 Sup. Ct. 789:

"The property in question was in the custody of the circuit court in a cause within its jurisdiction, and protected by injunction. The power exercised was the power to protect the property in the custody of the court from invasion, and, in order to sustain the receiver's application, the ordinary grounds of equity interposition were not required to be set forth. Whether inadequacy of remedy at law in respect of the disputed taxes, or the requisite jurisdictional amount or diverse citizenship were shown to exist, was not, and could not be, matter of inquiry."

Again, in Ex parte Chamberlain, 55 Fed. 706, it is said:

"There can be no doubt that property in the hands of a receiver of any court, either of a state or of the United States, is as much bound for the payment of taxes, state, county, or municipal, as any other property. Persons cannot, by coming into this court, and, for the promotion of their interests, applying for and obtaining the appointment of receivers, obtain exemption from the paramount duty of a citizen. For this reason receivers in this district pay all just and lawful taxes without asking or needing the sanction of the court, and in their accounts such payments are passed without question. But, on the other hand, receivers are not bound to pay a tax, in their judgment unlawful, without the order of the court; and when they consider the legality of the tax questionable, it is their right—their manifest duty—to apply to the court either for instruction or protection. Especially is this the case when the question arises between the receiver and persons in the state, county, and municipal government as to the proper construction to be given to the law upon which individuals may well differ, and it is his right and manifest duty to go to the court whose creature he is for instruction." Davis v. Gray, 16 Wall. 203; Georgia v. Atlantic & G. R. Co., 3 Woods, 434,

Fed. Cas. No. 5,351; Yuba Co. v. Adams, 7 Cal. 37; County Com'rs v. Clarke, 36 Md. 206; Greeley v. Bank, 98 Mo. 458, 11 S. W. 980; Central Trust Co. v. New York C. & N. R. Co., 110 N. Y. 250, 18 N. E. 92.

This action, brought by the receiver, is therefore properly instituted, and in such form as to allow the legality of the claim for taxes for the payment of which the property has been seized to be determined. This is not a proceeding to punish the defendant for contempt in invading the possession of the court by the seizure of the property in question, and nothing will be said in this opinion upon that feature of the case, any more than to state the law upon the subject, and also to say that, in the opinion of the court, the evidence submitted at the hearing does not show that the defendant really intended to disregard the authority and possession of the court, but was induced to act as he did through false notions as to the power of the receiver. There can be no doubt of the correctness of the doctrine that property in the possession of a receiver appointed by a court is in custodia legis, and that unauthorized interference with such possession is punishable as a contempt; and it cannot be contended that this salutary rule has any exceptions in favor of officers engaged in the collection of taxes. As was said in Re Tyler, 149 U. S. 182, 13 Sup. Ct. 790:

"Undoubtedly, property so situated is not thereby rendered exempt from the imposition of taxes by the government within whose jurisdiction the property is, and the lien for taxes is superior to all other liens whatsoever except judicial costs, when the property is rightfully in the custody of the law; but this does not justify a physical invasion of such custody, and a wanton disregard of the orders of the court in respect of it. The maintenance of the system of checks and balances characteristic of republican institutions requires the co-ordinate departments of government, whether federal or state, to refrain from any infringement of the independence of each other; and the possession of property by the judicial department cannot be arbitrarily encroached upon, save in violation of this fundamental principle. The levy of a tax warrant, like the levy of an ordinary fieri facias, sequestrates the property to answer the exigency of the writ, but property in the possession of the receiver is already in sequestration, already held in equitable execution; and, while a lien for taxes must be recognized and enforced, the orderly administration of justice requires this to be done by and under the sanction of the court. It is the duty of the court to see to it that this is done, and a seizure of the property against its will can only be predicated upon the assumption that the court will fail in the discharge of its duty,—an assumption carrying a contempt upon its face."

The legality of the claim for taxes will now be considered. The evidence shows that among the property listed and assessed for taxes against the Harney Peak Company by the proper authorities of the state of South Dakota and the county of Pennington for the years 1893, 1894, 1895, and 1896 were a tin mill at Hill City, S. D., the Etta tin mill in the county of Pennington, and certain buildings situated on the Reder placer claim in said county; that the above-mentioned property was listed and assessed as personal property, and is all situated upon unpatented mining claims; that is, upon land the title to which is still in the United States. The valuation placed upon said property, respectively, for the years mentioned, was as follows: 1893, tin mill at Hill City was listed under the following heading: "Value of all improvements on lands, except plow·

ing, held under law of the United States, and upon which final proof has not been made and accepted,"—and was assessed at $30,000. In 1894 the same property was listed and assessed in the same manner. In 1894 the Etta tin mill was listed and assessed at $16,000. In 1895 the buildings on the Reder placer were assessed at $3,000; and manufacturers' tools, implements, and machinery, engines and boilers, $50,000; value of all improvements on lands, except plowing, held under law of the United States, and upon which final proof has not been made and accepted, $30,000; and the Etta mill at $16,-000. In 1896 the buildings on the Reder placer were assessed at $3,000, the Etta mill at $10,000, and manufacturers' tools, implements, and machinery, engines and boilers, $20,500; value of all improvements on lands, except plowing, held under law of the United States, and upon which final proof has not been made and accepted, $10,000. It also appears in evidence that the property herein mentioned as having been listed for taxation for the year 1895 was listed by W. O. Temple, agent for A. R. Ledoux, receiver, and was listed as personal property. The only definite attack upon the taxes which are claimed by the county of Pennington, and to satisfy which property in the hands of the receiver has been seized, is that the items of property above mentioned form a basis for a portion of said tax, and that said property was listed as personal property, when in fact it was real property, and that the valuation thereof for the several years mentioned is excessive.

Subsection 28 of section 16 of chapter 14 of the Laws of South Dakota of 1891 provides as follows: "The value of all improvements, except plowing, on lands held under the laws of the United States, and upon which final proof has not been made and accepted," shall be listed and assessed as personal property. Subsection 28 of section 1 of chapter 27 of the Laws of South Dakota of 1895 is to the same effect; and it would seem that, as the legislature of the state of South Dakota has the power to classify property for the purposes of taxation, it had placed the improvements upon land held as a mining claim, but for which a patent has not yet been issued by the United States, in the list of personal property, for the purposes of taxation. But I do not care, for the purposes of this case, to follow counsel for complainant in a learned discussion as to whether the subsection referred to applies only to agricultural land, and not to mining claims, or as to whether the property assessed, and about which complaint is made, was actually real or personal property. The fact is that it has always been listed and assessed as personal property by the Harney Peak Company, or the complainant, as its receiver, without complaint; that whether it is real or personal property in no way affects the justness of the tax; and that the error, if any, made by the taxing officers, was a mere error in the classification of the property, which would in no way affect the validity of the tax. By subsection 7 of section 43 of the Laws of South Dakota of 1891 the board of assessment and equalization is given full power and authority to correct errors in the listing or valuation of property, whether real or personal. Thus the Harney Peak Company, or the receiver, in any year had the right and opportunity to appear before

the board of assessment and equalization, and have any errors, either in the valuation or listing of the property in question, corrected. It does not appear that anything of this kind was ever attempted, and it is now too late to come before this court, and ask it to interfere with the listing or valuation of this property. Robbins v. Magoun (Iowa) 70 N. W. 700; Wilson v. Cass Co. (Iowa) 28 N. W. 483. In Stanley v. Supervisors of Albany, 121 U. S. 550, 7 Sup. Ct. 1239, it is said:

"In nearly all of the states—probably in all of them—provision is made by law for the correction of errors and irregularities of assessors in the assessment of property for the purposes of taxation. This is generally through boards of revision or equalization, as they are often termed, with sometimes a right of appeal from their decision to the courts of law. They are established to carry into effect the general rule of equality and uniformity of taxation required by constitutional or statutory provisions. Absolute equality and uniformity are seldom, if ever, attainable. The diversity of human judgment, and the uncertainty attending all human evidence, preclude the possibility of this attainment. Intelligent men differ as to the value of even the most common objects before them,—of animals, houses, and lands, in constant use. The most that can be expected from wise legislation is an approximation to this desirable end, and the requirement of equality and uniformity found in the constitution of some states is complied with when designed and manifest departures from the rule are avoided. To these boards of revision, by whatever name they may be called, the citizen must apply for relief against excessive and irregular taxation, where the assessing officers had jurisdiction to assess the property. Their action is judicial in its character. They pass judgment on the value of the property upon personal examination and evidence respecting it. Their action being judicial, their judgments in cases within their jurisdiction are not open to collateral attack. If not corrected by some of the modes pointed out by statute, they are conclusive, whatever errors may have been committed in the assessment."

It results from the foregoing that the attack by the receiver upon the claim for taxes made by the defendant cannot be successful, and that said claim for taxes is a claim against the assets in the hands of the receiver of the Harney Peak Company within the jurisdiction of this court, superior to any claim whatever except that of judicial costs. An amendment to the complainants' bill was allowed and filed, wherein the receiver sets forth that he has expended, under the direction of the circuit court of the Southern district of New York, in and about the care, safe-keeping, and protection of the property in his charge, the sum of $24,034.37 over and above receipts coming into his hands from the lease or sale of perishable property, and that receiver's certificates have been issued in the sum and to the amount of $25,000 with which to pay these expenses, and that the enforcement of this claim for taxes will greatly deplete the assets of said Harney Peak Company, and therefore that the claim for taxes ought to be declared inferior to these expenses. It is sufficient, to dispose of this question, to say that it nowhere appears that the property seized by defendant is all the property belonging to the Harney Peak Company in this jurisdiction even. In fact, the original bill states that complainant is advised and informed by the defendant that, if the property so seized by him, and levied upon, shall not prove sufficient to cover the taxes claimed to be due, he will then proceed to levy on other personal property belonging to said Harney Peak Company, and that complainant verily believes that said defendant will do as he threatens to do. The term "judicial

costs," to which the claim for taxes is alone inferior, cannot be held to include the cost of keeping and taking care of unproductive property for over three years by the receiver. Therefore this court is of the opinion that the expenses already incurred and paid by the receiver may be paid out of the assets of the Harney Peak Company, as well as the claim for taxes, so far as anything now before the court indicates.

This court, being in possession of the property of the Harney Peak Company in this district, through its receiver, Albert R. Ledoux, and the defendant being before the court, and it being the opinion of the court that the claim for taxes is a valid one, the court ought to make some order in the premises to protect the rights of all parties concerned; and it believes that in the interests of the orderly administration of justice the following order ought to be made: That the defendant, William H. La Bee, treasurer of Pennington county, S. D., immediately restore to Albert R. Ledoux, or his agent, duly authorized, the possession of the property seized by said defendant; that said receiver, Albert R. Ledoux, his agent, and all persons acting under and by virtue of his authority, be, and they are hereby, forbidden from selling or disposing of any of the assets or property of said Harney Peak Company within the district of South Dakota, for any other purpose than the payment of the claim for taxes herein specified, until the further order of the court; that said Albert R. Ledoux shall, within 10 days from the service of a copy of this order upon said Ledoux or his authorized agent, pay to the treasurer of Pennington county said claim for taxes, and, in default of any money with which to pay said claim, that said receiver sell so much of the assets in his possession belonging to the Harney Peak Company, and situated in the district of South Dakota, as may be sufficient to pay said claim for taxes, or, if sufficient personal property cannot be found, that said receiver sell so much of the real property in his possession in the district of South Dakota, belonging to the Harney Peak Company, as may be sufficient to pay said claim for taxes.