[Civ. No. 595.   Second Appellate District.—March 5, 1909.]

## CALIFORNIA DOMESTIC WATER COMPANY, a Corporation, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

TAXATION—ASSESSMENT—WELLS, PUMPING MACHINERY AND PIPE-LINES ON WATER-BEARING LANDS.—Wells, pumping machinery and pipelines on water-bearing lands, together with such lands, constitute "real estate" within the definition of that term as used in the revenue act, which includes "the possession of claimants, ownership of or right to the possession of land," and all of such property should be assessed and taxed as real estate.

Id.—Duty of Assessor and State Board of Equalization—Presumption of Performance.—It is made the official duty of the assessor to prepare an assessment-book with proper headings as directed by the state board of equalization, in which must be listed all property within the county under the proper head; and the presumption in favor of their action is that they have each performed their official duty.

Id.—Action to Recover Taxes Paid Under Protest—Conclusion of Wrongful Assessment not Justified—Presumption not Negatived.—When the complaint in an action to recover taxes on such property paid under protest does not negative the presumption that the official duty of the assessor and of the state and county boards of equalization were regularly performed, its averments do not justify the conclusion of the plaintiff that the improvements were assessed as personal property.

Id.— Informal Listing not Invalidating Assessment — Equalization—Correction.—If it be conceded, as matter of fact, that the improvements were listed as "personal property" in the assessment-book, such listing by the assessor would be merely an informality which, under section 3885 of the Political Code, would not invalidate the assessment, for it could in no wise prevent equalization and correction.

Id.—Appearance of Plaintiff Before Board of Equalization— Waiver and Estoppel of Plaintiff.—The plaintiff, by voluntarily appearing before the board of equalization, waived notice of any action within its power to correct or order the correction of any informality in the assessment so as to make it conform to the law; and when he asked the board merely .to lower the amount of the assessment, which they granted, the plaintiff, being then aware of the form of the assessment, and of the manner thereof, and having urged no objection thereto before the board, should not be permitted to remain silent until it was too late to correct the informality, and then seek to avoid taxation by asserting such informality as a ground for the recovery back of taxes paid under protest.

Id.—Legal Effect of Assessment—Collection of Taxes as on Real Estate—Improper Averment Disregarded.—Notwithstanding the informality in the assessment, in placing improvements on the land on the assessment-book under the heading of personal property, since not only is the rate of taxation not different, but also since the assessment-book shows the character of the property, and that, in legal effect, it is all real estate, it follows that, under the law, the taxes levied and assessed upon the whole property were collectible only in the manner provided for the collection of taxes upon real estate, and only in that manner could plaintiff be compelled to pay the same. Plaintiff's averment that his legal obliga-

tion is different under the two forms of assessment may be dis-. regarded.

ID.—ACTION OF BOARD OF EQUALIZATION JUDICIAL AND CONCLUSIVE— COLLATERAL ATTACK.—The action of the board of equalization is judicial in its character, and is conclusive as to the amount and validity of the tax, and its action cannot be collaterally assailed, whatever error may have been committed in the assessment, where no fraud or abuse of discretion is shown in its action.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Walter Malins Rose, and Andrew H. Rose, for Appellant.

J. D. Fredericks, District Attorney, and Hartley Shaw, Chief Deputy, for Respondent.

ALLEN, P. J.—Action to recover taxes paid under protest.

The complaint alleges the ownership by plaintiff of certain water and water-bearing lands, with wells and pumping machinery thereon, together with rights of way, conduits, flumes and pipe-lines, by means of which said water is conveyed and distributed to its stockholders, and which conduits, flumes and pipe-lines were, on the first Monday of March, 1906, and long prior thereto had been, immovably affixed and attached to the soil upon said right of way.   That prior to the first Monday in July, 1906, plaintiff furnished and returned to the assessor a full and true list of all the property owned by plaintiff in the county of Los Angeles on the first Monday in March, 1906; and the assessor assessed this property to plaintiff at a fixed valuation for each particular kind of property.   It is further alleged that the conduits, flumes and pipe-lines were each of them listed and assessed as personal property, and not as improvements upon real estate.   That the wells returned as owned by the plaintiff were assessed as personal property; that the same are situate upon and included within a tract of land returned by plaintiff for assessment, which tract of land was assessed against plaintiff for the year mentioned and taxes paid.   That on or about the tenth day of July, 1906, the plaintiff made written verified application

to the board of equalization of the county for a reduction in the valuation of said pipe-lines, conduits and flumes so assessed by said assessor. That at said hearing before the board of equalization plaintiff offered testimony tending to show that by reason of the fact that the water supplied by plaintiff to its stockholders increased the assessable value of the stockholders' lands, and upon which increased valuation they were required to and did pay taxes upon such increased valuation in excess of that paid by the owners of adjoining lands not so supplied with water; and further, that other corporations of the same character as plaintiff, organized for the same purposes and similarly situated, had theretofore been treated as a class and their assessments made having in view the increased taxable value of the property upon which the water was used; that by reason of such fact their wells and pipe-lines were assessed in a less amount than the assessment returned against plaintiff's property; by reason of all of which the taxes so assessed against plaintiff's property were disproportionate to the value, oppressive and in excess of the basis of valuation of all other property of like character belonging to similar corporations. That upon said hearing the board of equalization reduced the assessment upon the pipelines, flumes, conduits and the wells about fifteen per cent. That thereafter plaintiff paid the amount of taxes upon all its property under such reduced assessment under protest, claiming that such assessment against the property above specified, was void as being an unconstitutional discrimination against plaintiff and the taking of its property without due process of law; and it prays judgment for the amount of said taxes so paid.

To this complaint the defendant interposed a general demurrer, which being sustained without leave to amend, judgment was entered against plaintiff, from which judgment plaintiff appeals.

The property described in the complaint, the assessment against which is attacked, falls within the definition of the term "real estate" as employed in the revenue act. "The term 'real estate' includes the possession of, claim to, ownership of, or right to the possession of land." (Pol. Code, sec. 3617.) It follows that the property was entitled to be taxed as real estate. To the same effect is section 3663 of the Po-

litical Code. We find nothing in the complaint alleging facts from which it may be inferred that it was otherwise taxed. It is made the duty of the assessor by section 3650 of the Political Code to prepare an assessment-book with proper headings, as directed by the state board of equalization, in which must be listed all property within the county under the proper head. It is not averred that there was any omission of duty in this regard, either by the state board of equalization or by the assessor, and the presumption in support of their action is that they each performed their official duty. This, if true, does not justify the conclusion of plaintiff that the property was assessed as personal property. (*Bakersfield etc. Co.* v. *Kern Co.*, 144 Cal. 153, [77 Pac. 892].) Were we to accept plaintiff's contention that the allegation that the property was assessed as personal property is an allegation of fact, such characterization of the assessment could only be supported by an inference that that particular property was listed under an improper heading upon the assessment-book. Such listing by the assessor would be merely an informality which, under section 3885, would not be sufficient to invalidate the assessment, for it could in no wise prevent effective equalization and correction. (*Ledoux* v. *La Bee*, 83 Fed. 764.) The character of the property was clearly shown upon the list; its liability for taxation is conceded. The scheme for the correction and equalization of assessments under the various sections of our Political Code comprehends that after notice to the taxpayer, as by the rules of the board established, the supervisors of the county, sitting as a board of equalization, under section 3673, may increase or lessen any assessment contained in the roll so as to equalize such assessment and to make it conform to the true value of the property in money. By section 3679, the board is authorized to require the assessor to enter omitted property, and by section 3681, to make and enter new assessments (at the same time canceling previous entries) when any assessment made by the assessor is deemed by the board to be so incomplete as to render the collection of taxes doubtful. This last section provides that before such action, notice must be given by the clerk to the parties interested at least five days before the taking of such action. But this notice is not requisite where the parties appear before the board of equalization, as is shown by the com-

plaint, and being before the board, invoked its powers and authority to correct the assessment originally entered against it. (*Farmers' etc. Bank* v. *Board of Equalization,* 97 Cal. 325, [32 Pac. 312] ; *Savings & Loan Soc.* v. *San Francisco,* 146 Cal. 673, [80 Pac. 1086].) If, as a matter of fact, the plaintiff owned no personal property, and the property which it returned was in fact real estate, and the same was listed upon the books under an improper heading, the time and place for correcting the error, if any, was when plaintiff appeared before the board asking for relief in relation to the assessment. It is apparent from the complaint that plaintiff, when it presented to the board of equalization its claim for a reduction in the assessment, had full knowledge and notice of all that appeared upon the assessment-roll. Its property was entitled to bear its share of taxation. If the wells upon the land were not assessed as improvements upon the land, but were in fact listed under the head of personal property, it was incumbent upon the taxpayer when appearing before the board to have its assessment corrected and equalized to call attention to this, or to any other irregularity or informality prejudicial to it, to the end that the board might, under section 3681, make needed and proper corrections and cancellations; and this applies as well to the conduits and pipe-lines. Having this notice, being aware of the informality, making no objection thereto other than the objection as to the amount of the assessment, the property being liable for taxation in some way, plaintiff should not be permitted to remain silent and withhold its objection to the irregularity in the manner of the assessment until too late for correction, and then seek to avoid taxation by asserting the irregularity in the manner complained of. There is no pretense that any different rate existed as between real and personal property, or any additional burden imposed upon plaintiff by the listing under an improper heading other than that, under the law, if personal property, the taxes were payable in a manner different from those assessed against real estate. It is difficult to see just how or in what manner plaintiff has suffered any prejudice, were it assumed that the assessor failed to perform the duty devolving upon him in the listing of the property under a particular heading. The assessment-roll showing the character of the property, and that it was real estate, under the

law the taxes levied and assessed against the same were collectible only in the manner provided by law for the collection of taxes upon real estate, and in that manner, and not otherwise, could plaintiff be compelled to pay the same. The allegation of the complaint that plaintiff's legal obligation was different may be disregarded.

Appellant further insists that the complaint was sufficient in this, that the demurrer admits that the assessor singled out appellant from the other members of the class to which it belonged, and assessed its property greatly in excess of the basis of valuation applied to similar property of like corporations, and it was thereby denied the equal protection of the laws guaranteed by the constitution of the United States. It is sufficient answer to this contention to suggest that the complaint also shows that from the valuation fixed by the assessor plaintiff, under the statutes, made its application to the board of equalization for a correction of what it deemed prejudicial acts upon the part of the assessor; that this board heard and determined the controversy and affixed to the property a diminished valuation. This action of the board of equalization is conclusive. "To these boards of revision, by whatever name they may be called, the citizen must apply for relief against excessive and irregular taxation, where the assessing officers had jurisdiction to assess the property. Their action is judicial in its character. They pass judgment on the value of the property upon personal examination and evidence respecting it. Their action being judicial, their judgments in cases within their jurisdiction are not open to collateral attack. If not corrected by some of the modes pointed out by statute, they are conclusive, whatever errors may have been committed in the assessment.'' (*Stanley* v. *Board of Supervisors*, 121 U. S. 535, 550, [7 Sup. Ct. Rep. 1234].) In the absence of fraud or malicious abuse of its powers, the board of equalization is the sole judge of questions of fact and of the values of property. (*La Grange etc. Min. Co.* v. *Carter*, 142 Cal. 565, [76 Pac. 241].) Nothing in the complaint appears from which fraud or abuse of discretion may be imputed to the board of equalization.

We see no prejudicial error in the record, and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.