[L. A. No. 8411.  In Bank.—April 1, 1926.]

M. A. LUCE, Appellant, v. CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

[L. A. No. 8412.  In Bank.—April 1, 1926.]

ADELAIDE M. LUCE et al., Appellants, v. CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

[L. A. No. 8413.  In Bank.—April 1, 1926.]

M. A. LUCE, Appellant, v. CITY OF SAN DIEGO (a Municipal Corporation), Respondent.

[1] TAXATION—ARBITRARY AND UNEQUAL VALUATIONS—PAYMENT OF TAXES UNDER PROTEST—FAILURE TO APPLY TO BOARD OF EQUALIZATION.—In the absence of a showing that the complaining property owner has made due application to the city board of equalization for relief from arbitrary and unequal valuations of the assessor, he is not entitled to a recovery of municipal taxes paid, even though he has made such payment under protest as provided in section 3819 et seq. of the Political Code.

(1) 37 Cyc., p. 1185, n. 90.

APPEAL from a judgment of the Superior Court of San Diego County.  W. J. Carey, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Sloane & Sloane and E. A. Luce for Appellants.

S. J. Higgins, City Attorney, and A. F. H. Wright, Deputy City Attorney, for Respondents.

RICHARDS, J.—These three appeals, though taken separately, were consolidated for the purposes of their hearing and determination in this court.  They involve, with the exception to be hereinafter noted, the identical facts which were presented to this court in the appeals in the cases of B. Franklin Mahoney and certain other plaintiffs against the City of San Diego, which cases were also consolidated for

1.  See 24 Cal. Jur. 237.

the purposes of hearing and determination in this court and the decision wherein has been this day filed. The exception as to the facts which brought about a decision in the plaintiffs' favor in the last above named cases and in the defendant's favor in the present cases was this, that the plaintiffs in said former cases duly applied to the board of equalization of the City of San Diego for relief from the alleged unequal assessment involved in both sets of cases, while in the consolidated cases presented upon the present appeals no such application for relief was made. **[1]** In the absence of such application and of action thereon by the said board of equalization the trial court in these latter cases held, and we think held correctly, that the plaintiffs were not entitled to the relief demanded in their several complaints, namely, to the repayment of their taxes imposed by said assessment. The plaintiffs, who are the appellants herein, contend that no such application was required to be made, but in this contention we think they are in error. In the early case of *Fall* v. *Marysville,* 19 Cal. 391, it was held by this court that an objection to a tax assessment which did not go to the validity of the tax itself but simply as to its amount must be made to the proper tribunal for reduction before an action would lie to restrain the collection of such a tax. In the case of *Henne* v. *Los Angeles County,* 129 Cal. 297 [61 Pac. 1081], the foregoing doctrine was extended so as to be given application to an assessment of property which was not assessable, as in that case to the imposition of a tax upon a mortgage held by the University of California and taxed against the owner of the property in question. In the later case, however, of *Brenner* v. *Los Angeles,* 160 Cal. 72 [116 Pac. 397], this court drew the distinction between the wrongful assessment of property not subject to taxation and the wrongful valuation of taxable property, and to the extent only of an attempted assessment of nontaxable property overruled its former decision in the case of *Henne* v. *Los Angeles County, supra;* but otherwise indicated that the rule laid down in the earlier cases above referred to was to be upheld in its application to an unequal assessment of taxable properties. We are entirely satisfied that the rule as thus limited has full application to such cases as are presented upon the present appeals and that in the absence of a showing that the complaining property owners have made due application to the city board of

equalization for relief from the arbitrary and unequal valuations of the assessor the plaintiffs herein were not entitled to a recovery of the taxes paid, even though they had in each case made such payment under protest as provided in section 3819 et seq. of the Political Code.

It follows that the judgment in each of these cases must be and is hereby affirmed.

Lennon, J., Curtis, J., Seawell, J., Waste, C. J., Shenk, J., and Lawlor, J., concurred.