[Civ. No. 1130.   Fourth Appellate District.—March 13, 1935.]

ST. JOHN'S CHURCH (a Religious Corporation), Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

236

Everett W. Mattoon, County Counsel, Gordon Boller, Deputy County Counsel, Ray L. Chesebro, City Attorney, and Joseph T. Watson, Deputy City Attorney, for Appellants.

E. S. Williams for Respondent.

BARNARD, P. J.—The plaintiff religious corporation is the owner of certain real property which, with its improvements, is used solely and exclusively for purposes of religious worship, all being required therefor and the same having never been rented or any rent received. Taxes hav-

ing been assessed against this property for the year 1930–1931, the plaintiff paid the same under protest and within six months thereafter and after demands made, brought this action under section 3819 of the Political Code to recover the amount paid. No issue was raised as to these facts, but the defendants in their answer alleged that the plaintiff had not made a return to the assessor accompanied by an affidavit, within the time and as required by subdivision 2 of section 3611 of the Political Code. A demurrer to this answer was sustained without leave to amend and from the ensuing judgment the defendants have appealed.

The sole question presented is whether, under subdivision 3 of section 3611 of this code, which was added in 1929, a failure to make the affidavit required by subdivision 2 of that section between the first Monday in March, and the first Monday in July of a tax year, operates to waive the exemption and to prevent the recovery of taxes so assessed and so paid under protest.

Section 1 of article XIII of the state Constitution provides that all property in the state not exempt under the laws of the United States shall be taxed ''except as otherwise in this constitution provided''. The ensuing six sections exempt certain property from taxation. The property here in question comes within the provisions of section 1½, which provides that such property shall be free from taxation.

We are of the opinion that the section last referred to is self-executing. In *Winchester* v. *Howard (Rice v. Howard)*, 136 Cal. 432 [64 Pac. 692, 69 Pac. 77, 89 Am. St. Rep. 153], the court said: ''We must submit to this policy established in the fundamental law, and therefore every constitutional mandate which can be put in force without legislation must be held to be self-executing, unless a contrary intent is shown.'' In Cooley on Taxation, fourth edition, it is said:

''On the other hand, constitutional provisions declaring that certain property shall be exempt are self-executing and need no legislation to make the exemptions effectual.'' (Sec. 650.)

''In many, if not most, of the state constitutions, there are provisions expressly relating to the exemption of property from taxation. Some of these provisions, naming particular

property as exempt, are self-executing so as to grant exemption without any action of the legislature." (Sec. 661.)

In this connection it is significant that the first subdivision of section 3611 of the Political Code, which section is designed to carry into effect the constitutional provision and to regulate procedure in connection therewith, merely repeats the language used in section 1½ of article XIII of the Constitution. This language definitely declares that property so used is free from taxation and nothing therein suggests any dependence upon or necessity for any future legislation. As indicating that this section is self-executing it may be observed that section 3611 of the Political Code was not adopted until nearly three years after section 1½ of article XIII became a part of the Constitution; that a similar provision in section 1½a of article XIII, which was adopted in 1920, was in effect for thirteen years before any supplemental legislation was enacted; and that sections 1b and 1¾ of article XIII have for many years been carried out without the necessity of any legislation in connection therewith.

Property of the kind referred to in this section of the Constitution is not taxable, and no legislation is necessary to achieve this result. The assessor may ascertain the facts with respect to such property just as he must do with respect to any other property. If he erroneously or wrongfully includes the property in the assessment roll, his action does not make the same taxable. Legislation designed to assist the assessor in carrying out his duty with respect to such property may be proper for that purpose, but is not essential in order to give effect to the constitutional provision.

█ Property of this class is not only free from taxation but, under section 1 of article XIII, no authority exists for assessing the same. All of such property is exempted from taxation by the Constitution and the legislature is without power to either limit or extend that exemption (*Pasadena University* v. *Los Angeles County*, 190 Cal. 786 [214 Pac. 868]). █ The appellants argue that the 1929 amendment referred to is similar in effect to a statute of limitations. Under their interpretation this amendment adds another condition not provided for in the Constitution and purports to provide that the property shall be exempt if a

certain thing is done before a certain time while otherwise it is not. This is not merely a limitation but the imposition of a new condition. Strictly speaking there is nothing to be waived. Regardless of any purported waiver the fact remains that under section 1 of this article no authority exists for levying such a tax. If, in fact, the property comes within the provisions of this section its status is fixed and it is not taxable and, so far as the legality of any tax is concerned, we think this status of the property depends upon the facts in connection with its use and not upon anything that may or may not be done by the owner, or by the assessor.

The assessor is not bound by the affidavit, if one is filed, but may determine the facts through his own investigations. If he makes a mistake his error may be corrected by proper procedure (*Pasadena University* v. *Los Angeles County, supra*). While the legislature may properly regulate the taking of proof in the first instance and may properly provide a procedure for the assistance and convenience of the assessor in making up the assessment roll, it can give to him no authority which is denied him by the Constitution and it cannot make such an exemption dependent upon conditions not imposed by that fundamental law. Regardless of what is done by the owner the tax assessed upon such property is illegal and void. The owner may lose his remedy by inaction on his part, but failure to take the proper steps to obtain relief adds nothing to the validity of the assessment. While a time limitation may properly be put upon an action to recover the amount so paid, like any other action, the right to apply to the courts for relief may not be arbitrarily denied and the failure to make proof as to the nature and use of the property before the assessment roll is made up can give no validity to a tax which is unauthorized and illegal.

Any such provision as that now under consideration can only relate to whether the property may be placed on the assessment roll in the first instance and cannot affect the question whether it is properly placed there. That question depends upon the actual facts which in turn determine whether or not the tax is legal. Any attempt to declare legal a tax which may not be imposed under the Constitution must be held ineffective. The legality of the tax does

not depend upon whether or not an affidavit is filed but upon the facts in connection with the use of the property. Whenever assessed, such a tax is to be set aside not because of the presence or absence of such an affidavit or because of any method used by the assessor, but because the property in fact was never assessable. The basic question is whether or not the property is taxable and while reasonable regulations may be made for the making of preliminary proof and while a failure to comply therewith may subject an owner of such property to the burden of making his proof in a more inconvenient and expensive manner, through an action in court, it cannot confer an authority to tax which has been expressly withheld by the Constitution. The authority to levy such a tax thus withheld cannot be acquired by a statute providing, in effect, that if the owner does not claim the exemption before the assessment roll is completed the tax will be levied.

■ If the amendment here in question be interpreted as merely a procedure to assist the assessor in originally making up his assessment roll, so that a failure to file the affidavit is to be deemed sufficient justification for the inclusion of the property in the assessment roll, thus placing upon the owner the burden of paying the tax and resorting to the procedure otherwise provided for recovering the same, the same is a proper regulatory measure and valid. On the other hand, if it was intended thereby to go further and to prevent an owner of such property from taking steps to recover the amount of such a tax, which was assessed and collected without authority and illegally, it must be held unconstitutional and void. When possible, statutes should be so interpreted as to make them constitutional and effective. Therefore, we adopt the former interpretation rather than the latter.

We conclude that the answer failed to set up a defense to the action and that the owner of such a property is not prevented from recovering an illegal tax paid under protest in an action of this nature by the failure to file the affidavit required under section 3611 of the Political Code within the time provided for therein.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.