[Civ. No. 10509. First Appellate District, Division Two.—August 25, 1937.]

LOS ANGELES SHIPBUILDING AND DRY DOCK CORPORATION (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Body Corporate and Politic), Respondent.

Holbrook, Taylor, Tarr & Reed, W. Sumner Holbrook, Jr., and John Harlan Dawson for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by plaintiff from a judgment for defendant entered pursuant to an order sustaining a demurrer to plaintiff's complaint without leave to amend.

The action was one under Political Code, section 3804, to recover taxes paid to defendant county for the tax year 1931–1932. The complaint is in five counts but, except for certain allegations of the pleader's reasons why in his opinion the tax is recoverable, the ultimate facts are similarly alleged in each count, being incorporated from count one into the later counts by appropriate reference. In our opinion plaintiff must stand or fall on the allegations contained in count one of the complaint, as nothing is added to the allegations of the ultimate facts in the later counts except the pleader's conclusions.

In the complaint it is alleged that plaintiff is the owner of a permit or lease entitling it to the use of certain tide lands the fee to which stands in the city of Los Angeles; that the agreed rental for the first ten years of such lease is the nominal annual rental of $100, plus the value of certain improvements placed in and upon said tide lands by predecessors in interest of plaintiff, "that the true and correct monetary value of the annual rental being so paid to the City of Los Angeles . . . on the first Monday in March, 1931, was the total sum of $557,427.67"; that the said leasehold interest of plaintiff was assessed for tax purposes by the assessor for the tax year 1931–1932 at $500,540; "that said assessment . . . was an erroneous and mistaken assessment by reason of the fact that the aforesaid county assessor did erroneously and mistakenly believe that the sole and only rent being paid for the use of the aforesaid premises . . . was the sum of $100.00 per annum . . . ; that said rental of $100.00 per annum, instead of the true and correct rental of $557,327.67, was, through inadvertence, error and mistake of said assessor, used in the aforesaid calculation of the assessed value of the aforesaid possessory interest; that had it not been for the aforesaid inadvertence, error and mistake of said assessor in so assuming erroneously and mistakenly the rental paid . . . was the sum of $100.00, instead of the correct figure of $557,327.67, there would have been no assessment of any sum at all . . . as it was the custom and practice of said assessor to make no assessment whatsoever, regardless of the ownership, right, title or interest under said harbor orders, where the computed proper rental and/or six per cent return on the restricted fee interest of the property was less than the amount of rental paid by such lessee

to the Board of Harbor Commissioners of the City of Los Angeles". The complaint further sets forth the alleged valuation procedure followed by the assessor, i. e., a valuation of the lands covered by the lease at $1,456,310; a computation of the proper rental return at 6 per cent, to wit: $87,386; the deduction from the latter figure of $100 rental paid by plaintiff, leaving $87,278.60 (the pleader's figures) as the net annual worth of the lease to the lessee; and the capitalization of that balance for the remainder of the life of the lease as giving the assessed value of the leasehold interest. It is further alleged "that the assessed valuation of the aforesaid possessory interests . . . on the basis of the actual rent paid by said company in the sum of $557,327.67, as applied to the proper return thereon, as found by said assessor . . . of the sum of $87,386.60, left a negative annual interest in said Los Angeles Lumber Products Company under and by virtue of said possessory interests of $469,-941.07" and "that by reason of the lack of any interest under the assessor's method of computing the same, no assessment and/or tax thereon was due or proper in any sum or at all".

It is respondent's contention that the allegations of the complaint show a mere case of overvaluation by the assessor and since there is no allegation of any appeal to the county board of equalization for relief (*Southern California Hardwood etc. Co.* v. *County of Los Angeles,* 49 Cal. App. 712 [194 Pac. 62]; *Luce* v. *City of San Diego,* 198 Cal. 405 [245 Pac. 196]) appellant cannot recover.

Appellant claims to be entitled to recover under Political Code, section 3804, on four separate grounds: 1. That the assessment was in excess of the actual cash value of the property by reason of a clerical error of the assessor (*Orpheum Circuit, Inc.,* v. *County of Los Angeles,* 12 Cal. App. (2d) 257 [55 Pac. (2d) 901]; *Associated Oil Co.* v. *County of Orange,* 4 Cal. App. (2d) 5 [40 Pac. (2d) 887]); 2. That the tax was in effect a tax on nonexistent property (*Pacific Coast Co.* v. *Wells,* 134 Cal. 471 [66 Pac. 657]; *Associated Oil Co.* v. *County of Orange, supra*); 3. That the tax was really laid on the exempt city property since the lease had no taxable value (*Brenner* v. *City of Los Angeles,* 160 Cal. 72 [116 Pac. 397]); 4. That since the power of the assessor under Political Code, section 3627, is restricted to the assess-

ment of property at its full cash value the assessment of this property in excess of its full cash value is illegal and recoverable under Political Code, section 3804.

■ Appellant also urges preliminarily that "in the absence of statute authorizing it to do so, a Board of Equalization has no power to cancel or strike out an assessment under any circumstances, and any order to that effect is a nullity" (24 Cal. Jur., p. 235, and cases cited), and hence, since its property had no taxable value, the board of equalization would have been powerless to give it relief. This argument is more ingenious than persuasive. Herein must be observed the distinction between property not properly the subject of taxation, and property which is of a character properly subject to taxation but without taxable value. If the property placed on the assessment roll is not subject to taxation in any event, e. g., exempt, out of the jurisdiction, etc., the attempted assessment is a nullity. If the property is the proper subject of taxation, as here, but not taxable because it possesses no taxable value an appeal to the board of equalization would still lie even though the board might reduce its assessed value to zero. The question would still be "what is the taxable value"? and not "is the property of a class which is not subject to taxation"?

■ It should not be forgotten that the requirement of appeal to the board of equalization in cases of overvaluation in assessments for tax purposes is grounded in an important public policy. In fixing the tax rate the board of supervisors must perform a mathematical calculation in which the sum of the estimated expenditures for the ensuing fiscal year is applied to the total assessed valuation of the taxable property. If the latter figure becomes a variable the possible confusion in the fiscal affairs of the county will be incalculable. In view of this fact the courts should be, as they have been, slow to extend the cases in which recourse to the board of equalization is not made a prerequisite to the recovery of taxes paid.

We return to the four main arguments of appellant.

■ In support of its claim that the assessment was due to a clerical error of the assessor appellant must rely on the following allegation of its complaint: "that the aforesaid county assessor did erroneously and mistakenly believe that the sole and only rent being paid for the use of the aforesaid

premises by said Los Angeles Lumber Products Company was the sum of $100.00 per annum''. This does not amount to an allegation of a clerical error.

''A clerical error exists when without evident intention one word is written for another . . . a mistake in copying or writing . . . a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination''. (11 Cor. Jur., p. 839; *Kuhlemeier* v. *County of Los Angeles,* 2 Cal. (2d) 257, 261, 262 [40 Pac. (2d) 828]; *Leonis* v. *Leffingwell,* 126 Cal. 369, 372 [58 Pac. 940].)

If the assessor had intended to use the figure $557,427.67 and through inadvertence had used $100 instead that would be a clerical error. But under the allegations of this complaint his use of the figure $100 was intentional and not inadvertent.

The cases cited by appellant on this point are not apposite to the facts alleged in the complaint. In *Orpheum Circuit, Inc.,* v. *County of Los Angeles, supra,* the assessor made an error in computation, a purely mechanical operation. *Pacific Coast Co.* v. *Wells, supra,* was decided before the ''clerical error'' provision was added to section 3804, but as pointed out in *Kuhlemeier* v. *County of Los Angeles, supra,* at page 262, ''even had the code section then provided for a refund based on a 'clerical error' of the assessor, the cited case, . . . clearly presented a situation wherein a 'clerical error' had occurred by reason of plaintiff's bookkeeper inadvertently using the figure $323,776.51 when he intended $223,776.51, which clerical error was copied and adopted by the assessor in fixing the assessment''. The same observation applies to *Associated Oil Co.* v. *County of Orange, supra,* where plaintiff inadvertently furnished the assessor with a statement showing 486,096 barrels of oil produced on its leased property instead of 126,132, which clerical error the assessor adopted and copied into his record.

Appellant's claim that the assessment was on nonexistent property is grounded on the assertion that property without taxable value is nonexistent for tax purposes. Appellant cites many cases to the effect that the basis of taxation is not the property but its value. This is a truism which may be readily conceded. But it does not follow that if the property belongs to a class which is subject to taxation it is

nonexistent property because under the peculiar circumstances existing it is without taxable value. Leases from the state and its political subdivisions form a class of property which is taxable. This lease is owned by appellant, it is property, and it falls within a taxable class. The assessor erroneously, under the pleading, assessed it at $500,540 when he should have assessed it at zero. In our judgment this constituted an overassessment of existing property and not an assessment of nonexistent property.

The cases relied on by appellant are readily distinguishable. In *Pacific Coast Co.* v. *Wells, supra,* the assessor assessed $100,000 in solvent credits that did not exist. In *Associated Oil Co.* v. *County of Orange, supra,* in practical effect he assessed 300,000 barrels of oil that did not exist. In our case he assessed a leasehold interest that did exist and was owned by appellant.

The claim that the tax was really laid on the city's exempt fee in the property is equally untenable. The assessor undertook to assess the leasehold interest, not the fee. According to the complaint he miscalculated the value of the leasehold interest. But that miscalculation was not the result of any erroneous attempt to assess the fee as such nor of any failure on the part of the assessor to calculate the value of the fee separately and exclude it from the value of the leasehold interest. His method of computation, the formula used, was concededly proper but the result is claimed to be erroneous because one of the figures used in his calculation was incorrect. The case is not at all similar to *Brenner* v. *City of Los Angeles, supra,* where the assessor failed to deduct from the value of plaintiff's property a mortgage held by the state and thereby assessed to plaintiff the value of the mortgage.

The final claim that under Political Code, section 3627, an assessment in excess of the full cash value of the property is independently recoverable finds no support in any California case. It remains a case of overvaluation and under the settled rule cannot be recovered in the absence of recourse to the board of equalization.

Judgment affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 21, 1937.