[L. A. No. 16854. In Bank.—January 26, 1940.]

GEORGE DAWSON, Appellant, v. COUNTY OF LOS ANGELES (a Body Corporate and Politic), Respondent.

Stater & Dawson and John H. Dawson for Appellant.

Holbrook & Tarr, W. Sumner Holbrook, Jr., Miller, Chevalier, Peeler & Wilson and Melvin D. Wilson, as *Amici Curiae,* on Behalf of Appellant.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, A. Curtis Smith, Deputy County Counsel, for Respondent.

Percy C. Heckendorf, District Attorney (Santa Barbara), and Rigmor O. Carlsen, Deputy District Attorney, as *Amici Curiae,* on Behalf of Respondent.

CARTER, J.—Plaintiff appeals from a judgment entered after demurrer to his complaint had been sustained without leave to amend.

The action is one to recover a tax in the amount of $449.80 imposed on certain stocks owned by the plaintiff on the first Monday of March, 1935. Said tax was imposed under the provisions of section 3627a of the Political Code which then provided for the imposition of an *ad valorem* tax on intangible personal property. It is the plaintiff's theory that the tax was unlawfully imposed and collected because of the enactment on June 13, 1935, of the Personal Income Tax Act (Stats. 1935, chap. 329) which tax concededly was substituted for and was to be in lieu of the former *ad valorem* tax contemplated by section 3627a, *supra.* (See amendment of latter section, Stats. 1935, p. 2251.) ■ In the case of *Weber* v. *Santa Barbara County,* L. A. No. 16106, this day filed, (*post,* p. 82 [98 Pac. (2d) 492]), we held that the *ad valorem* tax on intangible personal property imposed as of the first Monday of March, 1935, did not fall within the "in lieu" provision substituting the income tax therefor. For the reasons there advanced, we are of the view that the appellant's contention in this particular lacks merit.

■ In addition to the foregoing contention, which has failed of its purpose to work a return of the entire tax, plaintiff advances a second contention which, if meritorious, would necessitate a refund of only a portion of the tax. This latter contention is addressed to the manner of the assessment of his stocks. Briefly, it is the plaintiff's position that in the county of Los Angeles at all times pertinent to our inquiry real property was assessed at 50.2 per cent of its market or cash value while intangible personal property was assessed at 100 per cent of its market or cash value. As a result, plaintiff's stocks were subject to an assessment 49.8 per cent greater than the assessment on real property. He contends, there-

fore, that, regardless of rate, in so far as the "tax burden" imposed upon intangible personal property exceeds the "tax burden" on real property in the same taxing jurisdiction in proportion to the actual value of such property, to that extent the tax imposed is illegal and in violation of the 1933 amendment of section 14 of article XIII of the Constitution. Upon this premise, plaintiff seeks to recover 49.8 per cent of the tax alleged to have been excessively levied upon his stocks by reason of the asserted equivalent excessive assessment.

The defendant county responds that the "tax burden" contemplated and referred to in the cited constitutional provision is not measured or determined by either the rate or assessment alone but that such "tax burden" is "the rate times the assessment" and that it is only when the product of the two is excessive that the property bears an undue tax burden. We are of the view that this latter reasoning is unanswerable and that the plaintiff in his argument has considered only the "assessment" factor to the complete exclusion of the "rate" factor.

At the time of the imposition of the tax here challenged, section 14 of article XIII of the Constitution, relied on by the plaintiff, authorized the legislature, among other things, to "classify any and all kinds of personal property for the purposes of assessment and taxation in a manner and at a rate or rates in proportion to value *different* from any other property in this state subject to taxation". The provision thus authorized the *classification* of personal property for "assessment" purposes, sanctioned a different *manner* of taxation for such personal property and approved a "rate or rates in proportion to value" *different* from that imposed on other taxable property. The only limitations upon this authorization was that intangible personal property shall not be taxed "at a rate in excess of four-tenths of one per cent of the actual value of such property" and that "no tax burden shall be imposed upon any personal property . . . which shall exceed the tax burden on real property in the same taxing jurisdiction in proportion to the actual value of such property".

Neither section 3627a, *supra,* nor the tax imposed thereunder and here sought to be recovered, runs counter to either of these constitutional limitations. The first limitation declared that the tax should not be at a rate in excess of

*"four-tenths* of one per cent of the *actual* value" of the property. The tax provided for in the statute and collected from plaintiff was exactly one-half thereof, viz., at the rate of *two-tenths* of one per cent of the *actual* value. Nor do we think said statute or tax imposed a "tax burden" in excess of that on real property in the same taxing jurisdiction in proportion to value. Considering both the assessment and rate factors which, as we have already stated, jointly determine the tax burden, it requires no mathematical demonstration to establish that a tax at the rate of two-tenths of one per cent of the actual value of intangible personal property imposes not a greater but a smaller tax burden than a tax on an equivalent amount of real property assessed at 50.2 per cent of its actual value and computed upon a rate of $1.21 for every $100 of such reduced assessed valuation. While the plaintiff failed to allege the rate of taxation on real property in Los Angeles County, an indispensable factor in determining and comparing tax burden, the defendant county in its briefs has stated the rate to be as above indicated. No denial or challenge of such stated rate is made by the plaintiff. We are satisfied, therefore, that the tax here authorized and imposed created no greater tax burden on intangible personal property than that on real property in proportion to value.

Moreover, we are of the view that plaintiff having failed to object to the assessment before the board of supervisors sitting as a board of equalization is not now in a position to challenge it. When read in conjunction with the companion case of *Mahoney* v. *City of San Diego,* 198 Cal. 388, 391 [245 Pac. 189], the case of *Luce* v. *City of San Diego,* 198 Cal. 405, 406, 407 [245 Pac. 196], is authority for the proposition that when the asserted error complained of is an error of assessment, as here, resort must first be had to the board of equalization and in the absence of objection there the taxpayer is precluded from obtaining a refund, and this even though, as here, the alleged error was the result of an asserted uniformly excessive assessment upon all property of the same class. There can be no question that the requirement of preliminary objection to the board of equalization applies equally to an alleged excessive assessment of personal property. (*Southern Cal. Hardwood Co.* v. *County of L. A.,* 49 Cal. App. 712 [194 Pac. 62].)

What we have said sufficiently disposes of the issues involved.

The judgment is affirmed.

Shenk, J., Gibson, J., Waste, C. J., Edmonds, J., and Curtis, J., concurred.