[L. A. No. 20963. In Bank. May 2, 1950.]

SECURITY-FIRST NATIONAL BANK (a National Banking Association), Respondent, v. COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, Gordon Boller, Deputy County Counsel, and A. Curtis Smith, Assistant County Counsel, for Appellants.

Ray L. Chesebro, City Attorney, Leon Thomas David, Assistant City Attorney, Louis A. Babior and H. H. MacDonald, Deputy City Attorneys, as Amici Curiae on behalf of Appellants.

Holbrook & Tarr, W. Sumner Holbrook, Jr., Freda B. Walbrecht and Francis H. O'Neill for Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark as Amici Curiae on behalf of Respondent.

GIBSON, C. J.—This case differs from *Simms* v. *County of Los Angeles, ante,* p. 303 [217 P.2d 936], in that in the present case plaintiff did not apply to the board of equalization for correction of the assertedly erroneous assessment. The trial court held that plaintiff was not thereby precluded from maintaining this action for recovery of taxes paid under protest. We believe the trial court erred in so holding.

It is the general rule that a taxpayer seeking judicial relief from an erroneous assessment must have exhausted his remedies before the administrative body empowered initially to correct the error. (*West Publishing Co.* v. *McColgan,* 27

Cal.2d 705 [166 P.2d 861] ; *Dawson* v. *County of Los Angeles,* 15 Cal.2d 77 [98 P.2d 495] ; *Luce* v. *City of San Diego,* 198 Cal. 405 [245 P. 196] ; *People* v. *Keith Railway Equipment Co.,* 70 Cal.App.2d 339 [161 P.2d 244] ; *DeMille* v. *County of Los Angeles,* 25 Cal.App.2d 506 [77 P.2d 905] ; *Los Angeles etc. Corp.* v. *Los Angeles County,* 22 Cal.App.2d 418 [71 P.2d 282].) An exception is made when the attempted assessment is a nullity because the property is either tax exempt or outside the jurisdiction. (*Brenner* v. *Los Angeles,* 160 Cal. 72 [116 P. 397] ; see *Kern River Co.* v. *County of Los Angeles,* 164 Cal. 751, 755 [130 P. 714] ; *cf., St. John's Church* v. *Los Angeles County,* 5 Cal.App.2d 235 [42 P.2d 1093].) ▪ But resort to the board of equalization is not rendered unnecessary by the fact that, as in the present case, the error is one in the classification of property (*California Domestic W. Co.* v. *Los Angeles County,* 10 Cal.App. 185 [101 P. 547] ; see *Kaiser Co.* v. *Reid,* 30 Cal.2d 610, 630 [184 P.2d 879]) and the tax is assailed as being discriminatory in violation of constitutional mandates (*Luce* v. *City of San Diego,* 198 Cal. 405 [245 P. 196] ; *Dawson* v. *County of Los Angeles,* 15 Cal.2d 77 [98 P.2d 495] ; *DeMille* v. *County of Los Angeles,* 25 Cal.App.2d 506 [77 P.2d 905]) or section 5219 of the Revised Statutes of the United States. (*First Nat. Bank* v. *Board of County Comrs.,* 264 U.S. 450 [44 S.Ct. 385, 68 L.Ed. 782] ; *Stanley* v. *Board of Supervisors,* 121 U.S. 535 [7 S.Ct. 1234, 30 L.Ed. 1000].)

▪ Plaintiff contends, however, that its bank vault doors and counterlines were "exempt" from taxation under constitutional principles, and that consequently prior application to the board of equalization was not a prerequisite to the maintenance of this action. The contention cannot be sustained. The vault doors and counterlines admittedly were located within the county, city and district in which they were assessed. Clearly, they were property of a nature taxable by defendants. (*Trabue Pittman Corp* v. *County of Los Angeles,* 29 Cal.2d 385 [175 P.2d 512].) The fact that similar property of others had been systematically misclassified as personalty and therefore relieved of the burden of special assessment district taxes would ordinarily require that plaintiff also be excused from paying such taxes. (*Simms* v. *County of Los Angeles, ante,* p. 303 [217 P.2d 936].) It does not follow however, that plaintiff's vault doors and counterlines were tax exempt as claimed. A somewhat similar problem was presented

in *Los Angeles etc. Corp.* v. *Los Angeles County*, 22 Cal.App.2d 418 [71 P.2d 282]. That case involved the assessment of a leasehold interest in tidelands owned by the city. Plaintiff contended that since the leasehold had no taxable value, the tax was one on nonexistent property and resort to the board of equalization was not necessary. In rejecting that contention, the court there said, at pp. 423-424: "But it does not follow that if the property belongs to a class which is subject to taxation it is nonexistent property because under the peculiar circumstances existing it is without taxable value. . . ."

Thus, in the present case, although plaintiff would have been entitled to recover a discriminatory tax upon its vault doors and counterlines, such property was nevertheless taxable. In fact, the board of equalization could have eliminated the discrimination by directing the assessor to enter the misclassified fixtures owned by others as real property upon the assessment roll (Rev. & Tax. Code, § 1611), in which case plaintiff would not be excused from paying, or entitled to recover, the special district taxes. Plaintiff's failure to make timely application for relief before the board precluded the adoption of that means of equalization.

The judgment is reversed. .

Shenk, J., Edmonds, J., Carter, J., Schauer, J., Spence, J., and Vallée, J. pro tem., concurred.

Respondent's petition for a rehearing was denied June 1, 1950. Vallée, J. pro tem., participated in place of Traynor, J.