[L. A. No. 21444. In Bank. Apr. 3, 1951.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Petitioner, v. ARTHUR L. MUNDO, as Judge of Superior Court of San Diego County, Respondent.

Holbrook & Tarr, W. Sumner Holbrook, Jr., and Francis H. O'Neill for Petitioner.

James Don Keller, District Attorney, and Carroll H. Smith, Chief Trial Deputy District Attorney, for Respondent.

EDMONDS, J.—Bank of America National Trust and Savings Association is the plaintiff in eight actions to recover taxes paid under protest. It now asks that, by writ of mandate, the superior court be compelled to order the production of certain records of the county assessor. The asserted purpose of having them before the court is to enable

the respondent judge, by an examination of them, to determine whether their contents are confidential and whether public interest would suffer by disclosure of the data.

In the actions brought by the bank it is charged that, in assessing its property during certain years, the assessor discriminated against it and intentionally and systematically favored other property owners. Specifically, the bank alleges that the assessed valuation placed upon its buildings included vault doors and counterlines, classified as improvements, but in all nonbanking institutions, similar articles were classified and assessed as personal property. Such discrimination, the bank concludes, is prohibited by section 5219 of the Revised Statutes of the United States (12 U.S.C.A. § 548) because the real property of a national bank may be taxed only ''to the same extent, according to its value, as other real property is taxed'' and also violates constitutional guarantees.

The bank has endeavored to obtain evidence of discriminatory assessments by taking the depositions of three deputy county assessors. The witnesses testified that they had assessed or appraised buildings, trade fixtures and machinery in approximately 13 types of industries in the county. They stated the general factors and tests relied upon in making assessments. When asked how they had classified certain items in specific places of business, the witnesses replied that they could answer only after refreshing their memories by reference to the tax records. However, they declined to refer to the records upon the ground that the documents contain matter of prohibition and privilege under sections 408 and 451 of the Revenue and Taxation Code and section 1881, subdivision 5, of the Code of Civil Procedure.

The bank then cited the witnesses to appear before the superior court. It also moved for an order directing each witness to refresh his memory by use of the particular document applicable, and thereafter to answer the questions asked of him.

The superior court issued a subpoena duces tecum directing the county assessor to produce the documents. The assessor refused to comply with the subpoena upon the same ground stated by his deputies. The court then refused to order the witnesses to answer the questions and quashed the subpoena duces tecum.

The bank's purpose is to secure evidence that, during the tax years in question, the assessor systematically classified

and assessed as personal property the counters and other business equipment in nonbanking institutions. Upon establishing that fact, the bank then proposes to show that such items are similar to the vault doors and counterlines in bank buildings which, pursuant to an intentional discrimination against national banks, were classified as improvements.

None of the suits has yet been tried. Demurrers to the complaints have been filed, but the hearings upon them have been deferred pending the taking of the depositions. It does not appear from the record whether, prior to filing its action, the bank applied to the board of equalization for correction of the assertedly erroneous assessments. However, in one of the briefs, counsel for the bank states, ''In certain of the cases appearance was made before the county board of equalization.''

In those cases where the bank did not make timely application to the board of equalization for relief from the assessment complained of, it cannot maintain the action for the recovery of taxes. ''It is the general rule that a taxpayer seeking judicial relief from an erroneous assessment must have exhausted his remedies before the administrative body empowered initially to correct the error. . . . An exception is made when the attempted assessment is a nullity because the property is either tax exempt or outside the jurisdiction. . . . But resort to the board of equalization is not rendered unnecessary by the fact that, as in the present case, the error is one in the classification of property . . . and the tax is assailed as being discriminatory in violation of constitutional mandates . . . or section 5219 of the Revised Statutes of the United States.'' (*Security-First Nat. Bank* v. *County of Los Angeles,* 35 Cal.2d 319, 320-321 [217 P.2d 946].)

In the actions for the recovery of taxes paid after the board of equalization denied relief, the record does not indicate exactly what transpired before the administrative agency. However, it may be inferred that the board of equalization made a determination upon the issue of fact contrary to the claims of the bank.

As to such actions, the purpose of the pending litigation is to obtain a review of the decision of the board of equalization. This conclusion logically follows from the fact that application to the board for the correction of an alleged dis-

criminatory assessment is a prerequisite to the maintenance of the action. (Compare *Security-First Nat. Bank* v. *County of Los Angeles, supra,* with *Hammond Lbr. Co.* v. *County of Los Angeles,* 104 Cal.App. 235, 241 [285 P. 896].) ▮ The duty of determining the value of the property and the fairness of the assessment is confided to the appropriate county board of equalization. ▮ Furthermore, in discharging this duty, the board's determination upon the merits of the controversy is conclusive; the taxpayer has no right to a trial de novo in the superior court to resolve conflicting issues of fact as to the taxable value of his property. (*Universal Consol. Oil Co.* v. *Byram,* 25 Cal.2d 353 [153 P.2d 746]; *Eastern-Columbia, Inc.* v. *County of Los Angeles,* 70 Cal.App.2d 497, 500 [161 P.2d 407].) ▮▮ The question presented to the superior court in such an action is whether there was evidence of sufficient substantiality before the board to justify the finding (*Kaiser Co.* v. *Reid,* 30 Cal.2d 610, 626 [184 P.2d 879]), and in the absence of fraud or malicious or arbitrary use of its powers the board is the sole judge of questions of fact and of the values of property. (*Los Angeles Gas & Elec. Co.* v. *County of Los Angeles,* 162 Cal. 164, 170 [121 P. 384].)

▮ By the present proceeding, the bank desires to obtain, and introduce in its actions for recovery of taxes, evidence of discriminatory practices by the assessor which resulted in overvaluation of its real property and attendant inequality in tax burden. Whether assessments were made as the bank charges and whether they resulted in unequal taxation were the issues before the board of equalization; it was within the power of the board to correct any discriminatory assessment. (*Security - First Nat. Bank* v. *County of Los Angeles, supra,* at p. 322.) Presumably the evidence now sought was not introduced in the proceeding before the board. ▮ But it is the general rule that ". . . the decision of the board upon the evidence adduced cannot be collaterally assailed by new evidence on the point in a different tribunal." (*Hammond Lbr. Co.* v. *County of Los Angeles, supra,* at pp. 246, 247.)

▮ If the writ sought by the bank were to issue, and evidence of discrimination obtained, it would not be relevant in the pending actions. Such evidence would not tend to prove that the board of equalization acted fraudulently, or in arbitrary or malicious abuse of its powers. Moreover, the

6

bank has shown no legal ground for augmentation of the record made before the local board.

The alternative writ of mandate is discharged and the petition for a peremptory writ is dismissed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and Wilson, J. pro tem., concurred.