[Civ. No. 20506.   First Dist., Div. Two.   Mar. 14, 1963.]

MARY A. LORD, Plaintiff and Appellant, v. THE COUNTY OF MARIN et al., Defendants and Respondents.

A. Leonard Bjorklund, Jr., for Plaintiff and Appellant.

E. Warren McGuire, County Counsel, and John B. Ehlen for Defendants and Respondents.

KAUFMAN, P. J.—The taxpayer here appeals from a summary judgment in favor of the County of Marin and the City of Sausalito, denying the appellant's request for the refund of taxes paid under protest. Appellant argues that the trial court erred in granting a summary judgment and that the instant case is distinguishable from *Alberts* v. *Board of Supervisors*, 193 Cal.App.2d 225 [14 Cal.Rptr. 72].

The facts are not in dispute. Appellant is the owner of three parcels of real property located in Marin County, each of these being located in an elementary school district, which was reappraised at full cash value in the preparation of the 1959-1960 and 1960-1961 assessment rolls in accord with the county's cyclical reappraisal program. On July 15, 1960, appellant applied to the county board of supervisors, sitting as a board of equalization, to equalize the assessed valuation of her parcels with the assessed valuation of other property of like character and similarly situated. This application was denied on August 15, 1960.

Thereafter, on June 5, 1961, appellant filed her complaint in this action for recovery of $68.70, that portion of her 1959-1960 and 1960-1961 taxes which could be ascribed to the reappraisal program; her complaint alleged that because of the cyclical reappraisal program of the county assessor, real property like hers in other elementary school districts was not re-

appraised at full cash value; that, therefore, she was burdened with an unequal, unfair and unconstitutional share of the taxes, and that the cyclical reappraisal program was fraudulent, unlawful, discriminatory and void.

The respondents' motion for a summary judgment was accompanied by affidavits which indicate that in the preparation of the local assessment roll, the county assessor, who took office in 1959, carried out both a general appraisal and equalization program for all real property within the county and a specific detailed on-site appraisal and equalization program of specific areas within the county; that in addition to carrying out a general appraisal and equalization program throughout the county, the county assessor carried on a detailed on-site review and cyclical reappraisal as follows: in 1959, over 12,000 of the over 56,000 parcels, including one of the appellant's, were so reappraised; in 1960, over 25,000 of the over 58,000 parcels, including the appellant's, were so reappraised; and in 1961, over 19,000 of the over 60,000 parcels in the county were so reappraised. The affidavits further stated that the assessor could not in any one year complete the specific detailed on-site review and reappraisal of all the county, and that the appellant had offered no evidence of inequality of assessments to the county board of equalization, and had taken the position that it was illegal to add to the assessment roll any of the increased valuations resulting from the reappraisal until the reappraisal program had been completed throughout the county.

The issues presented here are substantially identical to those we discussed in *Alberts* v. *Board of Supervisors*, 193 Cal.App.2d 225 [14 Cal.Rptr. 72], hearing denied by our state Supreme Court, wherein after a lengthy discussion of the relevant authorities, we approved a similar cyclical reappraisal program carried on in San Mateo County. We think that case is controlling here.

We turn now to the argument that the trial court erred in granting the motion for a summary judgment. Appellant here attempts to distinguish the *Alberts* case by arguing that here, she made a sufficient showing of a discriminatory unlawful assessment, and that the trial court erred in granting a summary judgment. Section 437c of the Code of Civil Procedure provides that affidavits in support of and in opposition to the motion must set forth facts with particularity and that the validity of the judgment is to be determined by the sufficiency of such affidavits. ▪ On appeal from a sum-

mary judgment, the appellate court is limited to the facts shown by the affidavits and is to determine only whether the facts give rise to a triable issue (*Dudum* v. *City of San Mateo,* 167 Cal.App.2d 593 [334 P.2d 968]).

The affidavit of appellant's attorney in opposition to the motion for summary judgment, averred that the evidence at the hearing before the board of equalization proved the discrimination to her caused by the cyclical reappraisal program. Respondents concede that the affidavit of the appellant's attorney on the issue of the adequacy of appellant's showing before the county board of equalization created a triable issue of fact as distinguished from conclusions of law. Respondents contend, however, that the trial court properly concluded that there was no triable issue of fact as to the validity of the cyclical reappraisal program. Thus, whether or not appellant made an adequate showing before the board of equalization is immaterial because the question before the trial court was one of law. Appellant's position before the board was that the increased valuations based on the reappraisal could not be added to the roll until the entire county was reappraised. Appellant made no argument that she was being treated differently from other taxpayers with similar property in the reappraisal districts.

We think the affidavits clearly indicate that there was no triable issue of fact here but merely a question of law and that the summary judgment was, therefore, properly granted.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.