[Civ. No. 847. Fifth Dist. Jan. 4, 1968.]

VINCENT DeLUCIA, Plaintiff and Appellant, v. COUNTY
OF MERCED, Defendant and Respondent.

Vincent DeLucia, in pro. per., for Plaintiff and Appellant.

Willard B. Treadwell, County Counsel, for Defendant and Respondent.

CONLEY, P. J.—Vincent DeLucia, the owner of 155 acres of farm land in Merced County, being dissatisfied with the assessed valuation of his property, filed an application before the Merced County Board of Supervisors sitting as a board of equalization to reduce the assessment to what he considered to be a fair and equalized valuation as compared with similar neighboring territory. There was no court reporter at the hearing as none was then required by statute and none was requested by him. The board of equalization denied Mr. DeLucia's application for a reduction of his tax assessment, and he thereupon started this proceeding in the Merced County Superior Court. The petition was aimed at "Relief from Wrongful Property Tax Assessment" and included "Review of Board of Equalization's Refusal to Grant Reduction Sought." Because of the absence of a court reporter at the hearing before the board of equalization the plaintiff without the aid of a lawyer but acting in propria persona was unable to prove exactly what had happened at the hearing but attempted to fill this vital gap by calling several witnesses to testify what had taken place before the board of equalization. Although this method was properly objected to by the county counsel, the court permitted a number of "hostile" witnesses to testify when called by the plaintiff; the defendant pro-

duced no witnesses and the county counsel did not even examine the plaintiff's witnesses.

■ At the outset the County of Merced took the position that the plaintiff had not stated facts sufficient to constitute a cause of action and that the plaintiff should instead have paid his taxes under protest and then sued the county for the excess collection; however, the county counsel did concede that a person who contested his assessment might, in a very limited class of cases, bring a corrective proceeding in the superior court. In this latter respect, the county counsel was correct for it is properly stated in 46 California Jurisprudence, Second Edition, Taxation, section 219, pages 741-743: *"No appeal from the decision of a local board of equalization,* or other method of having its decisions on questions of fact reviewed by a court of law, *is provided by statute.* Where all jurisdictional prerequisites have been complied with by the board and evidence has been taken at a hearing held for the purpose of determining whether an assessment should be raised or lowered, its decision, *in the absence of fraud,* is conclusive, and not subject to supervision by courts.

"In those cases where the action of the board is for some reason subject to review, the legislature has provided at least three methods of procedure in addition to any others that may be ordinarily available. One provision is that all or any portion of any uncollected tax, penalty, or costs may, on satisfactory proof, be canceled by the auditor on order of the board of supervisors with the written consent of the district attorney if it was levied or charged more than once, erroneously, or illegally, or on a portion of an assessment in excess of the cash value of the property by reason of the assessor's clerical error. It is also provided that, on order of the board of supervisors, any taxes paid before or after delinquency must be refunded if they were paid more than once, erroneously or illegally collected, paid on an assessment in excess of the cash value of the property by reason of the assessor's clerical error, or paid on an assessment of improvements when the improvements did not exist on the lien date. Under this statute a verified claim must be filed by the person who paid the tax, and if the board rejects the claim the person who paid the taxes and filed the claim may commence an action against the county or city to recover the taxes the board refused to refund. The third method of procedure is to pay the taxes under protest and then sue to recover them.

"It has been said that where a local tribunal exercises quasi-judicial powers its action may be reviewed by way of man-

damus or certiorari. A common method of procedure, formerly, was to secure a writ of mandamus to compel cancellation of the tax improperly levied, *but later cases have denied mandamus* on the ground that there is a suitable remedy available under the statutes whereby taxes erroneously levied and collected may be refunded on a claim therefor. *Certiorari has been allowed, however, to review actions of boards of equalization where it was claimed that the taxes were illegally collected or that the boards acted with something equivalent to fraud in declining to equalize assessments.* Mere errors in the exercise of jurisdiction are not reviewable on certiorari, and thus an objection that the board acted on an erronenous basis in arriving at the value of property, or that the board was in error in considering evidence, is not reviewable in such a proceeding." (Italics added.)

In *McClelland* v. *Board of Supervisors,* 30 Cal.2d 124, 129 [180 P.2d 676], the court stated: "Where, as here, it is substantially contended that fraud or 'something equivalent to fraud' results from arbitrary action of the board in declining to equalize the assessed valuations of property, the proceedings before the board are subject to review. As observed in *La Prade* v. *Department of Water & Power* (1945) 27 Cal.2d 47, 53 [162 P.2d 13], 'Where a local . . . tribunal exercises quasi judicial powers its action may be reviewed by either mandamus or certiorari. [Citations.] And in such a review the chief issues are whether the person affected has been accorded a hearing, and, if so, whether there is any evidence to support [the board's] . . . determination. [Citations.] In the review proceedings the court should confine itself to the showing made before the . . . tribunal with regard to the sufficiency of the evidence. [Citations.]'"

However, all presumptions are in favor of the action of the board of equalization; its valuations are equivalent to the findings and judgments of a trial court; generally speaking, its decision is final; the only basis for an attack on the judgment of the board is for arbitrariness, abuse of discretion, or failure to follow the standards prescribed by law.

In the opinion in *DeLuz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546, 564 [290 P.2d 544], it was said: "The assessing authority's estimate of the value of specific property at a specific time is reviewed by the board of equalization at the request of the taxpayer (Rev. & Tax. Code, §§ 1601-1615), and the board's decision in regard to specific valuations and the methods of valuation employed are equivalent to the find-

ings and judgment of a trial court and reviewable only for arbitrariness, abuse of discretion, or failure to follow the standards prescribed by the Legislature. [Citations.]"

■ Respondent properly objects to an attempt by Mr. DeLucia to get a trial de novo to settle questions of fact before the superior court; the taxpayer has no such right. (See *Best* v. *County of Los Angeles*, 228 Cal.App.2d 655 [39 Cal.Rptr. 665]; Deering, Cal. Administrative Mandamus (Cont. Ed. Bar) § 5.73, p. 87.)

In *Bank of America* v. *Mundo*, 37 Cal.2d 1, 5 [229 P.2d 345], the court stated: "The duty of determining the value of the property and the fairness of the assessment is confided to the appropriate county board of equalization. Furthermore, in discharging this duty, the board's determination upon the merits of the controversy is conclusive; the taxpayer has no right to a trial de novo in the superior court to resolve conflicting issues of fact as to the taxable value of his property. (*Universal Consol. Oil Co.* v. *Byram*, 25 Cal.2d 353 [153 P.2d 746]; *Eastern-Columbia, Inc.* v. *County of Los Angeles*, 70 Cal.App.2d 497, 500 [161 P.2d 407].) The question presented to the superior court in such an action is whether there was evidence of sufficient substantiality before the board to justify the finding (*Kaiser Co.* v. *Reid*, 30 Cal.2d 610, 626 [184 P.2d 879]), and in the absence of fraud or malicious or arbitrary use of its powers the board is the sole judge of questions of fact and of the values of property. (*Los Angeles Gas & Elec. Co.* v. *County of Los Angeles*, 162 Cal. 164, 170 [121 P. 384].)"

■ No new evidence can be produced in the trial court, and in a proceeding before the board to reduce an assessment the burden of proof is upon the petitioner. (See *Wild Goose Country Club* v. *County of Butte*, 60 Cal.App. 339 [212 P. 711]; *Best* v. *County of Los Angeles, supra*, 228 Cal.App.2d 655; *Leach Corp.* v. *County of Los Angeles*, 228 Cal.App.2d 634, 637 [39 Cal.Rptr. 654].)

In 46 California Jurisprudence, Second Edition, Taxation, section 218, pages 738-741, it is said: "Though a determination by a board of equalization is generally conclusive if it was arrived at in fairness and on proper consideration of evidence, successful recourse to the courts may be had in matters involving adverse determinations, on the ground of lack of either procedural or of substantive due process. The latter is frequently called 'constructive fraud.'

". . . .

". . . It is only when the conclusions of assessing officers on

the value of property for purposes of taxation are not honestly arrived at, or are made pursuant to some fixed rule or general system, the result of which is necessarily discriminatory and inequitable, that the courts will interfere. *To invalidate the assessment there must be a conscious failure to exercise fair or impartial judgment, or a resort to arbitrary methods varying from those employed in assessing other property of like character and situation, and resulting in the imposition designedly of an unequal burden on the property of the complainant.* It is not, however, necessary that fraud or bad faith on the part of the officials be expressly shown. It may arise by implication out of the fact that the assessment when taken as a whole and viewed with respect to the assessable values of the various kinds of taxable property discloses such a degree of discrimination between properties of the same class or properties of different classes as to show a wilful and systematic disregard of the requirements of the constitution and statutes. But the mere fact that there is fraud in the action of an assessor does not entitle a taxpayer to relief unless it appears that the board of equalization in some manner participated in the fraud when the matter came before it on application for reduction, or that it acted improperly and not with reasonable discretion, for the conclusion of the board that the fair value is the amount fixed by the assessor renders the fraud of that officer immaterial and in no way injurious. Also, unequal assessment does not violate the equality requirement where the undervaluation is not intentional or systematic. Thus, where there is no pretense of such undervaluation, the failure of a county board to raise the assessment of surrounding lands when its attention is called to an inequality between that assessment and the complaining party's assessment does not constitute such a fraud as to entitle the taxpayer to recover taxes paid under protest, where the time was too short to raise the assessment for that year.'' (Italics added.)

 It seems crystal clear to us that on the record before him the trial judge was correct in holding that the plaintiff had not fulfilled his duty to carry the burden of proof. There was no showing of fraud, nor of something equivalent to fraud, nor of arbitrary action on the part of the board of equalization. This burden of proof rested squarely upon the shoulders of the plaintiff, and it was not established by him. There was no adequate showing of what had transpired at the hearing of the board of equalization, and it would have been

impossible for the trial court to make findings of fact which would have warranted a judgment for the plaintiff. On several matters attempted to be made clear by the questioning addressed to opposing witnesses by Mr. DeLucia, such witnesses showed a negative response or a failure to remember what Mr. DeLucia thought they should have recalled. It is true that from the questioning by Mr. DeLucia of opposing witnesses there may be a suspicion of the existence of facts which were not proved, but neither the trial nor the appellate court can base a decision on guesswork or on anything but specifically proven elements. There was no showing of adequate substantial evidence contrary to the finding of the board of equalization, or of the trial court.

The order denominated judgment denying a writ to upset the holding of the local board of equalization is affirmed.

Stone, J., and Gargano, J., concurred.