[Civ. No. 9134. Fourth Dist., Div. One. Dec. 16, 1968.]

COUNTY OF SAN DIEGO, Plaintiff and Appellant, v. E. WAYNE STILES, Defendant and Respondent.

Bertram McLees, Jr., County Counsel, and Lawrence Kapiloff, Deputy County Counsel, for Plaintiff and Appellant.

E. Wayne Stiles, in pro. per., for Defendant and Respondent.

COUGHLIN, J. — Plaintiff brought this action against defendant to collect taxes on a boat described on the assessment roll as ''Boat 3872 CU,'' and assessed at $2,100. Defendant contends the tax was invalid because the assessment roll did not correctly describe the boat, and the assessed valuation thereof was excessive. The court found defendant owned a boat described as ''a 36 foot landing barge . . . originally built by Chris Craft Corporation for and on behalf of the United States Navy'' which ''was registered with the Department of Harbors and Watercraft of the State of California as Vessel No. 3872 CU''; the unsecured assessment roll did not properly describe or classify this boat, resulting in an improper evaluation thereof; the actual value of the boat did not exceed $250; the assessed value of $2,100 placed thereon was excessive; and, for these reasons, the assessment and tax were invalid. Judgment for defendant was entered upon these findings. Plaintiff appeals.

The judgment must be reversed for the following reasons:

■ (1) There is no evidence defendant petitioned the board of equalization for relief from the claimed erroneous assessment. Under these circumstances he may not urge such in defense of the present action. This case comes within the general rule that a taxpayer may not seek judicial relief from an assessment, on account of claimed errors in classification or valuation, until he exhausts his administrative remedies. (*Bank of America* v. *Mundo*, 37 Cal.2d 1, 4 [229 P.2d 345]; *City & County of San Francisco* v. *County of San Mateo*, 36 Cal.2d 196, 201 [222 P.2d 860]; *Security-First Nat. Bank* v. *County of Los Angeles*, 35 Cal.2d 319, 320 [217 P.2d 946]; see also *El Tejon Cattle Co.* v. *County of San Diego*, 252 Cal. App.2d 449, 463 [60 Cal.Rptr. 586].)

(2) Furthermore, the courts do not have jurisdiction to determine *de novo* questions of classification or value of assessed property. Their function is limited to a review of the decision of the administrative board in the premises (*Bank of America* v. *Mundo, supra,* 37 Cal.2d 1, 5). The determination of the trial court in the case at bench defied this rule.

There is no question defendant has not paid the tax levied against him for the boat he owned which is the subject of the assessment roll under consideration. For this reason we direct judgment in favor of the plaintiff.

The judgment is reversed with instructions to enter judgment in favor of plaintiff for the tax in question, with penalties and interest as provided by law to date of judgment.

Brown (Gerald), P. J., and Whelan, J., concurred.