[Civ. No. 24513.   First Dist., Div. Four.   Mar. 26, 1969.]

MILTON F. SCHWARZ et al., Plaintiffs and Appellants, v. COUNTY OF MARIN et al., Defendants and Respondents.

Golden & Weinstein and Richard B. Weinstein for Plaintiffs and Appellants.

Douglas J. Maloney, County Counsel, for Defendants and Respondents.

DEVINE, P. J.—There are 198 plaintiffs in this action to recover taxes paid under protest for the tax year 1965-1966. They owned realty about Belvedere Lagoon. The board of supervisors, sitting as the board of equalization, denied their application for reduced assessments. The superior court granted summary judgment for respondents.

Appellants admit that the appraisals of market value of their properties as made by the assessor are correct. They contend that the ratio of assessed valuation to market valuation of their properties is higher than it should be when comparison is made with ratios of other properties of the same bracket of values, $50,000 to $249,999.99, in Marin County. This bracket was defined by the assessor as his "Value Group 3." The separation of properties into value groups, the assessor testified, is intended mainly as a check on appraisal discipline because his appraisers are inclined to "undershoot" high luxury properties or big industrial properties, of which there are not many in the county.

The assessor asserted that the percentages presented by

appellants were limited to an unduly small and selective sampling. He denied discrimination or unequalized valuation of appellants' properties, in light of all relevant factors. As one of the factors, he presented the ratio of assessed valuation to market valuation of all single family residences within the county and not only of all properties in the $50,000-$249,999.99 bracket. The example produced by the assessor is in a sense a wider base than that of value group 3. We say that this is wider ''in a sense'' because it presents for comparison the multitude of residences which are of a value under $50,000, the owners of which are entitled to have their assessments matched against those of appellants, even though the action was brought by appellants and the other owners are not named parties to it. In another sense, the comparison proposed by appellants is broader than the county-wide residence measurement: that is, the values to be considered, as proposed by appellants, are those of all properties, regardless of use, within the particular value group.

The test recognized by the law is a comparison of the ratio of the assessed valuations to the market valuations of the subject properties, on the one hand, with the ratio of the assessed valuations to the market valuations of *all of the taxable property of the county,* on the other. (*Mahoney* v. *City of San Diego,* 198 Cal. 388, 397 [245 P. 189]; *McClelland* v. *Board of Supervisors,* 30 Cal.2d 124, 129 [180 P.2d 676];. *Wild Goose Country Club* v. *County of Butte,* 60 Cal.App. 339, 343 [212 P. 711]; *Birch* v. *County of Orange,* 88 Cal. App. 82, 85 [262 P. 788]; *Eastern-Columbia, Inc.* v. *County of Los Angeles,* 70 Cal.App.2d 497, 501 [161 P.2d 407]; *City of Los Angeles* v. *County of Inyo,* 167 Cal.App.2d 736, 740 [335 P.2d 166]; *A. F. Gilmore Co.* v. *County of Los Angeles,* 186 Cal.App.2d 471, 476-477 [9 Cal.Rptr. 67]; *Best* v. *County of Los Angeles,* 228 Cal.App.2d 655, 659 [39 Cal.Rptr. 665]; *Griffith* v. *County of Los Angeles,* 267 Cal.App.2d 837, 842 [73 Cal.Rptr. 773]; Klein, *The Ratio Becomes Rational,* 41 State Bar J. 662, 663.)

In 1966, the rule was carried into section 401 of the Revenue and Taxation Code. (Stats. 1966, First Ex. Sess., ch. 147, § 34, p. 658.) Every assessor must assess all property subject to general taxation at a publicly announced ratio of cash value (which shall be, in fiscal years prior to 1971-1972, between 20 percent and 25 percent, thereafter 25 percent). But the cases cited above all had to do with assessments before 1966. The legal principle relating to equality of the

assessment ratio was the same before 1966, as shown by the cited cases. (See, also, Opinion of the Legislative Counsel (1967) 1 Assem.J. 984.) The principle was often honored in the breach. (See Ehrman & Flavin, Taxing California Property, pp. 24-25; Klein, *op. cit., supra.*)

The burden of proving that the assessments of their properties were unfair or discriminatory lay on appellants. (*Griffith* v. *County of Los Angeles,* 267 Cal.App.2d 837, 842 [73 Cal.Rptr. 773]; *Best* v. *County of Los Angeles,* 228 Cal.App.2d 655, 657 [39 Cal.Rptr. 665]; *Merchants Trust Co.* v. *Hopkins,* 103 Cal.App. 473, 478 [284 P. 1072]; *Wild Goose Country Club* v. *County of Butte,* 60 Cal.App. 339, 342 [212 P. 711].)

True it is that when assessors did not publish the county-wide assessment ratio, the protesting taxpayer's burden was well-nigh incapable of being sustained. (Klein, *The Ratio Becomes Rational,* 41 State Bar J. 662-668; Carr, *Property Assessments,* 39 State Bar J. 877; Carr, *Need for Disclosure in Property Tax Proceedings,* 40 State Bar J. 794.) But the practical difficulties of proof do not change the law. To offer something less than proof of the assesment ratio of the entire county was of no avail. (*Best* v. *County of Los Angeles, supra,* 228 Cal.App.2d at p. 659; Early, *Local Equalization Practice in California,* 4 Santa Clara Law. 147, 157-158.) Appellants as plaintiffs did not produce evidence geared to this ratio, but to a limited sampling only. We must simply recognize the presumption (the Evidence Code was not in effect when this case was tried) that the assessments are correct. (*Griffith* v. *County of Los Angeles, supra,* 267 Cal. App.2d at p. 848; *Best* v. *County of Los Angeles, supra,* at p. 657; *Utah Constr. Co.* v. *Richardson,* 187 Cal. 649, 654 [203 P. 401]; *Sunday Lake Iron Co.* v. *Wakefield,* 247 U.S. 350, 353 [62 L.Ed. 1154, 1156, 38 S.Ct. 495].) Plaintiffs have failed to move forward at all towards carrying their burden of proof.

Summary judgment was proper. (*Lord* v. *County of Marin,* 214 Cal.App.2d 25, 28 [29 Cal.Rptr. 248].)

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.