[Civ. No. 38868. Second Dist., Div. One. Sept. 26, 1974.]

AMERICAN CHEMICAL CORPORATION, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

[Civ. No. 38871. Second Dist., Div. One. Sept. 26, 1974.]

WITCO, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

[Civ. No. 38872. Second Dist., Div. One. Sept. 26, 1974.]

ATLANTIC RICHFIELD COMPANY, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Poindexter & Doutre, Poindexter, Lynch & Buchanan, William M. Poindexter, John B. Marshall, William H. Powell and James D. Kowal for Plaintiffs and Appellants.

John D. Maharg and John H. Larson, County Counsel, Douglas V. Hart and Dixon M. Holston, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—In these three consolidated appeals from judgments of the superior court denying recovery of ad valorem taxes paid by appellants (Taxpayers) upon their business personal property, Taxpayers contend that the procedure for assessment of tax denied them an adequate administrative remedy and that the administrative process and procedures of judicial review denied them equal protection of the law. Identical contentions were resolved by us against the appellants in companion cases, *Westinghouse Elec. Corp.* v. *County of Los Angeles, ante,* page 32 [116 Cal.Rptr. 742] certified for publication, filed concurrently with this opinion. The reasons stated in *Westinghouse* require rejection of the contentions of Taxpayers in the case at bench. Taxpayers also contend: (1) the trial court improperly applied "the substantial evidence test" in reviewing the determination of respondent Los Angeles County Board of Supervisors sitting as a Board of Equalization (Board) rather than conducting a trial de novo; (2) the trial court erroneously denied them a requested finding of fact upon the ratio of assessed to market value used generally in assessing property in the county; (3) failing to make that finding, the court should have remanded the matter to the Board with directions to make it; (4) the trial court erroneously excluded evidence of county-wide assessment ratio as determined by the State Board of Equalization; (5) the trial court improperly excluded evidence offered by Taxpayers to show a discriminatory practice had been employed in assessing their personal property, to establish that their administrative remedy was inadequate and futile, to show fraud of the assessor and the Board, to establish that the Board applied an improper standard of decision, and to establish that a failure of equalization estopped respondent from asserting that Taxpayers present their claims at an administrative hearing; (6) the trial court erroneously barred evidence that Taxpayers could not with reasonable diligence have produced at the administrative hearing; and (7) the court improperly thrust upon Taxpayers the burden of proof before Board of the county-wide assessment ratio as part of their case to establish that their individual assessments were excessive.

Bound by controlling precedent, we conclude that on the record of the cases at bench Taxpayers' contentions are not sustained. Accordingly, we affirm the judgments.

Taxpayers are three related corporations. They each filed a separate timely application with Board seeking reduction of the assessed value of their respective business personal property as of March 1, 1962. On mo-

tion, the three applications were consolidated for hearing. Evidence was produced before Board to the effect that the business personal property of Taxpayers was assessed at 50 percent of the assessor's opinion of full cash value in the same manner as property of similar businesses and "all other property in the county." Taxpayers produced evidence showing county-wide assessments in the years 1950 through 1961 to establish a trend of total assessed value of property in the county and indicating relatively minor changes from year to year. Their motion to incorporate evidence from another hearing before the Board indicating that the State Board of Equalization had determined an assessment ratio of 25 percent for the year 1961 was granted. Evidence offered by Taxpayers to establish that the State Board of Equalization had concluded that the Los Angeles County ratio of assessment in 1961 was 25 percent and that the tentative ratio for 1962 was a similar percentage was barred on objection of the county counsel. Board denied Taxpayers' applications for reduction of assessment.

Each of Taxpayers paid the taxes assessed against it. The payments were accompanied by written protests identical in wording except as to name and amount. The protests state: "The grounds on which the claim of [Taxpayer] is founded are as follows" and then recite that Taxpayer's personal property has been assessed at 50 percent of its full cash value while other property in the county was assessed at no more than 25 percent of its full cash value.

On February 26, 1963, each Taxpayer filed a one-count complaint for "refund of taxes paid under protest," thus commencing the cases at bench. The complaints allege essentially the same basis of overpayment stated in the protest. After a trial on the issues raised in the complaints, the court held against Taxpayers. This appeal followed.

### Requirement of Protest—Pleadings

■ Where, as here, a suit is for refund of ad valorem taxes paid under protest, Revenue and Taxation Code section 5139 states: "The action may be brought only . . . (b) [o]n the grounds specified in the protest." Taxpayers' protests failed to specify or intimate that the taxes, which are the subject matter of the actions were improperly assessed because Board failed to make findings of fact,[1] because Board improperly excluded proffered evidence, or because the process of assessment denied them adequate administrative review. Any action in the trial court, and hence any appeal on those grounds, is barred by Revenue and Taxation Code section 5139, sub-

---

[1]The issue not having been raised in the protest or complaint, we do not consider the applicability of *Topanga Assn. for a Scenic Community* v. *County of Los Angeles,* 11 Cal.3d 506 [113 Cal.Rptr. 836, 522 P.2d 12] to the case at bench.

division (b). The issues not having been raised in the complaint, they were not properly before the trial court for that reason also.

### Substantial Evidence Test—Refusal of Finding on County-wide Assessment Ratio

Taxpayers' contentions of error by the trial court in applying the substantial evidence test to review of Board's determination and in failing to make findings of fact on issues that were before the Board are related. If the substantial evidence test applies, the superior court, in reviewing the determination of the administrative agency, decided a question of law and was not required to make findings of fact on issues determined by the agency. (*Bank of America* v. *Mundo,* 37 Cal.2d 1, 5 [229 P.2d 345]; Deering, Cal. Administrative Mandamus (Cont.Ed.Bar) § 14.3, and cases there cited.)

Compelling precedent holds that judicial review of the determination of assessed value made by a county board of equalization tests the existence of substantial evidence to support the board's conclusion and that the taxpayer seeking review is not entitled to a trial de novo before the reviewing court. (*Bank of America* v. *Mundo, supra,* 37 Cal.2d 1, 5 [229 P.2d 345]; *De Luz Homes, Inc.* v. *County of San Diego,* 45 Cal.2d 546, 564 [290 P.2d 544]; *Strumsky* v. *San Diego County Employees Retirement Assn.,* 11 Cal.3d 28, 34-36 [112 Cal.Rptr. 805, 520 P.2d 29].) Taxpayers argue that the precedent is not controlling because the cases declaring the rule fail to recognize article XIII, section 15 of the California Constitution which Taxpayers contend creates a judicial remedy of refund of ad valorem taxes erroneously assessed, independent of any administrative action to accomplish the same result. They support their argument by tracing the controlling case law into seminal decisions argued to be either wrong or no longer applicable because of changes in organic law. Whatever may be the merit of Taxpayers' analysis in the abstract, *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], mandates that this court follow our Supreme Court's lead.

Taxpayers contend also that section 1605.5, added to the Revenue and Taxation Code in 1967, changes the standard of judicial review of administrative determinations of county ad valorem taxes. That section, part of a comprehensive modification in the administrative procedure for assessing those taxes, provides for findings of fact by the board initially hearing the matter if requested by the taxpayer and states in part: "At the hearing the final determinations by the board shall be supported by the weight of the evidence." Taxpayers argue that the quoted language requires the re-

viewing court to exercise its independent judgment to determine the weight of the evidence before the Board rather than to determine whether the Board's action is supported by substantial evidence.

We construe Revenue and Taxation Code section 1605.5 as imposing a standard for action by the Board but not as modifying the test of judicial review of the Board's determination. The situation is analogous to the comparison between the standard of decision and the test of review in criminal proceedings. While guilt must be established beyond a reasonable doubt at trial, the test on appeal is whether substantial evidence supports the conviction. (*People* v. *Bynum,* 4 Cal.3d 589, 599 [94 Cal.Rptr. 241, 483 P.2d 1193].) The analogy emphasizes the significance of the statutory language that the determination shall be supported by the weight of the evidence "at the hearing." (*Westlake Farms, Inc.* v. *County of Kings,* 39 Cal.App.3d 179, 189 [114 Cal.Rptr. 137].)

Thus we conclude that the trial court properly applied the "substantial evidence test" in reviewing Board's determination, and that, having done so, it was not required to make independent findings of fact on issues before the Board. The issue on which Taxpayers claim they were denied a finding by the trial court—the county-wide ratio applied in assessing property generally—was one of those which the Board determined. (*Bank of America* v. *Mundo, supra,* 37 Cal.2d 1, 5.)

## Excluded Evidence

At trial, Taxpayers offered evidence in the form of "admissions of members of the Board" that: (1) the ratio of assessed value to market value for all locally assessable property in the county was 25 percent; (2) neither the Board nor the county made any determination of county-wide ratio; (3) four of the five Board members were aware that the ratio in 1962 was about 25 percent but that the assessor had advised them that so long as it did not exceed 50 percent it was valid; and (4) the official State Board of Equalization findings of county-wide ratio did not become available until after the end of the county board of equalization session. Taxpayers also offered evidence of the county-wide ratio as determined by the state board for 1961 and as tentatively determined for 1962. The evidence was excluded by the trial court. That action was proper.

All items in the excluded evidence other than the last two pertain to the mental processes of the members of Board who decided adversely to Taxpayers. In *Web Service Co.* v. *County of Los Angeles,* 242 Cal.App.2d 1, 12 [51 Cal.Rptr. 753], we held that such evidence is inadmissible in judicial review of administrative proceedings. *Web Service* followed the

persuasion of then existing federal authority, notably *United States* v. *Morgan,* 313 U.S. 409, 420-422 [85 L.Ed. 1429, 1434-1436, 61 S.Ct. 999]. In 1971, the United States Supreme Court enunciated a significant exception to the *Morgan* rule, holding that where the administrative agency did not make findings of fact or otherwise articulate a basis of its decision, the reviewing court could, in its discretion, require testimony from the administrative decision maker explaining the standard of decision used or alternatively remand the matter to the agency for findings of fact. (*Citizens to Preserve Overton Park* v. *Volpe,* 401 U.S. 402, 420 [28 L.Ed.2d 136, 155-156, 91 S.Ct. 814]; see also *Camp* v. *Pitts,* 411 U.S. 138, 142-143 [36 L.Ed.2d 106, 111-112, 93 S.Ct. 1241]; see: *Recent Developments, Administrative Law and Procedure,* 60 Georgetown L.J. 1101, 1111; *The Supreme Court, 1970 Term,* 85 Harv.L.Rev. 3, 321; Note, *Environmental Law and the Scope of Judicial Review,* 24 Stan.L.Rev. 1117, 1118, fn. 8.) If *Overton Park* is persuasive authority in California, it undercuts the footing of *Web Service Co.* Action by our Supreme Court subsequent to *Overton Park* indicates, however, that the decision has had no effect upon California law. In *State of California* v. *Superior Court (Veta Company)* 12 Cal.3d 237 [115 Cal.Rptr. 497, 524 P.2d 1281], a decision involving judicial review of an administrative determination unaccompanied by findings of fact, our Supreme Court cites and relies upon the rule of *Morgan* without mention of *Overton Park*. *Overton Park* having been so treated by the California high court, we conclude that the rule of *Morgan,* and hence of *Web Service Co.,* is applicable to the cases at bench. That rule supports the trial court's action barring testimony of the mental state of members of the Board in making their determination, including testimony of the standard of decision utilized.

█ The excluded evidence to the effect that the State Board of Equalization's determination of 1962 county-wide ratio of assessed to market value did not become available until after the equalization session of Board presents a different problem. Here the issue is the fairness of the administrative hearing and the possibility that evidence not available with reasonable diligence before the administrative agency may be produced on judicial review of the administrative decision.

Again precedent controls our decision. In *Glidden Company* v. *County of Alameda,* 5 Cal.App.3d 371 [85 Cal.Rptr. 88, 86 Cal.Rptr. 464], the Court of Appeal states: ". . . [U]nless it is shown that the 'full cash value of all locally assessable tangible property' as computed by the state board is equal to the aggregate fair market value of the same property as appraised by the county assessor in the course of making his assessments, the difference between the assessment ratios is meaningless insofar as showing dis-

crimination against this taxpayer is concerned." (5 Cal.App.3d at p. 381; see also *Griffith* v. *County of Los Angeles,* 267 Cal.App.2d 837 [73 Cal. Rptr. 773].) Here Taxpayers' offer of proof of the unavailability of the State Board of Equalization's determination of county-wide assessment ratio did not include an offer to establish that when the state-determined ratio became available it was based upon a similarity of total assessed values as determined by the state board and the Los Angeles County Assessor. The rule of *Glidden Company* thus supports the trial court's action in excluding the proffered evidence.

The same reasoning supports the trial court's exclusion of evidence of the county-wide ratio of assessment for 1961 as determined by the State Board of Equalization.

The trial court also excluded evidence offered by Taxpayers in the form of testimony of: (1) the Los Angeles County Assessor who assumed office in December of 1962 to the effect that his predecessor in office did not determine the county-wide ratio of assessed to market value of property, that in fact the county-wide ratio was 25 percent in 1962 while personal property such as that involved in the case at bench was assessed at 50 percent of its market value; (2) an assistant county counsel to the same effect; (3) of two deputy assessors to the effect that the assessor had made no determination of county-wide ratio in 1960 or 1962 and that the assessment of most buildings and other improvements on the assessment roll was not based upon appraisal, market value or cost in those years; (4) of the assessor to the effect that he admitted that there was no determination of total market value of all assessable property, there was no written direction or policy for the application of ratio, that he did not check on his deputies to determine their manner of assessment or application of an assessment ratio, and that there was no study made to determine whether a uniform ratio was being applied; and (5) of the clerk of the Board that it at no time in 1962 or prior years took any action to determine the actual county-wide ratio.

The record establishes no error in the trial court's ruling excluding that proffered evidence, since it supports the implied determination of the trial court that all of the excluded evidence could reasonably have been produced by Taxpayers at the hearing before the Board.

A taxpayer, questioning the correctness of assessed valuation, must fairly and fully present his showing to the Board as a prerequisite to a judicial attack upon the Board's determination. "Were the rule otherwise, the taxpayer could make a perfunctory showing before the board and reserve his real showing for a subsequent appeal to the courts. This is not

permissible . . ." (*Eastern-Columbia, Inc.* v. *County of L. A.,* 61 Cal. App.2d 734, 745-746 [143 P.2d 992].) That principle precludes the presentation before a reviewing court of evidence which with reasonable diligence could have been produced before the administrative agency but which was not there offered. Since the record in the case at bench fails to establish the Taxpayers, acting with due diligence, would not have been able to present to the Board the above evidence which they offered to the reviewing court, that court's action in excluding the evidence was proper.

 Taxpayers attempted to make the necessary preliminary showing concerning the testimony of one witness offered by them. They proposed to prove by the former assistant executive secretary of the State Board of Equalization in charge of property taxation that the method used by the state board in determining county-wide ratios was a valid and accurate one and that the ratio so determined for Los Angeles County in 1962 was 24.6 percent. They established that there was at least some impediment to his testimony as a witness when the matter was heard by the Board. The trial court nevertheless sustained an objection to the testimony. No error appears in that ruling.

The rule that evidence is not admissible at a trial testing the validity of a determination at an administrative hearing unless the party offering it could not with reasonable diligence have presented it at the administrative proceeding is not satisfied by a showing that a particular expert witness was not available. The party must, in addition, establish to the reasonable satisfaction of the trial court that the same expert testimony was not available from another witness. Here, Taxpayers not having made that showing, the trial court correctly barred the evidence offered by them.

 Taxpayers alternatively seek to avoid the impact of the general principle barring the evidence offered by them at trial by arguing that much of the barred testimony was relevant to establish fraud on the part of the assessor and Board in making the questioned assessment and in administratively reviewing it. The argument is not available on the record here. Assuming the relevancy of the proffered testimony to the issue asserted, the evidence is not relevant to the case at bench because the issue of fraud was not raised in the complaint (Rev. & Tax. Code, § 5139; *Davey* v. *Southern Pacific Co.,* 116 Cal. 325 [48 P. 117]) or in the protest.

 Evidence offered ostensibly to support the proposition that a failure of equalization on the part of the assessor and Board estopped Board from asserting the requirement of exhaustion of administrative remedies was similarly properly excluded because no facts of estoppel were alleged in the complaint.

Evidence offered by Taxpayers on the issue of a claimed inadequacy of the processes of administrative review of the assessor's determination was properly barred because the claim was not asserted in Taxpayers' protests or alleged in their complaints.

### Burden of Proof

Taxpayers contend that the trial court erred in concluding that they bore the burden of proving the impropriety of the assessments here involved. They argue that whatever may be the general rule of burden of persuasion, it does not apply where consistency of a particular assessment with county-wide ratio of assessment to market value is involved. Our Supreme Court has determined that "ratio of assessment" cases are to be treated in the same fashion as other contentions of excessive assessment. (*Dawson* v. *County of Los Angeles,* 15 Cal.2d 77, 79-81 [98 P.2d 495].) Similar treatment dictates that the taxpayer bears the burden of proof in ratio matters. (*Glidden Company* v. *County of Alameda, supra,* 5 Cal. App.3d 371, 382.)

### Disposition

The judgments are affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied October 23, 1974, and appellants' petition for a hearing by the Supreme Court was denied December 24, 1974. Sullivan, J., did not participate therein.