[Civ. No. 38869. Second Dist., Div. One. Sept. 26, 1974.]

McDONNELL DOUGLAS CORPORATION, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

[Civ. No. 38931. Second Dist., Div. One. Sept. 26, 1974.]

ITT GENERAL CONTROLS, INC., Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

## COUNSEL

Poindexter, Lynch & Buchanan, Poindexter & Doutre, William M. Poindexter, Louis Lieber, Jr., B. D. Freundlich, Eberhard Schmoller, John B. Marshall, G. Donald Haarer, James D. Kowal and John H. Carroll, Jr., for Plaintiffs and Appellants.

John D. Maharg and John H. Larson, County Counsel, Douglas V. Hart and Dixon M. Holston, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—In these companion appeals to *Westinghouse Elec. Corp.* v. *County of Los Angeles, ante,* page 32 [116 Cal.Rptr. 742], and *American Chemical Corp.* v. *County of Los Angeles, ante,* page 45 [116 Cal.Rptr. 751], both certified for publication and filed concurrently with this opinion, appellants raise essentially the same issues discussed in *Westinghouse Electric* and *American Chemical, supra.* To the extent that appellants' contentions here are identical with the contentions raised in those companion cases, those contentions must be rejected for the reasons there stated.

The two cases at bench, each of which claims an overassessment of ad valorem taxes on property for the 1962 tax year, differ from *Westinghouse Electric* and *American Chemical.* In both cases here considered, the record before the board of equalization incorporates by reference proceedings for the same year in the matter of a reduction in assessment claimed by Leach Corporation pending before the board. In the Leach matter, the taxpayer claimed, as did appellants here, that its personal property had been assessed at 50 percent of its market value while other property in Los Angeles County was assessed at 25 percent of its value. Evidence before the board in Leach consisted of testimony of the assessor to the effect that all property was assessed at 50 percent of the assessor's opinion of fair market value. The board rejected Leach's proffered evidence of State Board of Equalization determinations of county-wide ratio of assessed to market value for prior years and declined to hold the matter under submission until the 1962 figures were available from the state board.

The difference between the record of the cases at bench and that in *American Chemical, supra,* is not legally significant. Substantial evidence supports the determination of the county board of equalization that appellants' property was assessed equally with other property in the county within the principle discussed in *American Chemical.* Evidence of the state board ratios was inadmissible absent a foundational showing that the total value of locally assessable property in the county used by the state board was substantially the same as the total value arrived at by the county assessor. (*Glidden Company* v. *County of Alameda,* 5 Cal.App.3d 371, 380-381 [85 Cal.Rptr. 88, 86 Cal.Rptr. 464].)

The judgments are affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied October 23, 1974, and appellants' petition for a hearing by the Supreme Court was denied December 24, 1974. Sullivan, J., did not participate therein.