[Civ. No. 38870. Second Dist., Div. One. Sept. 26, 1974.]

McDONNELL DOUGLAS CORPORATION, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Poindexter, Lynch & Buchanan, Poindexter & Doutre, William M. Poindexter, John B. Marshall, Louis Lieber, Jr., B. D. Freundlich, Eberhard Schmoller, James D. Kowal and John H. Carroll, Jr., for Plaintiff and Appellant.

John D. Maharg and John H. Larson, County Counsel, Douglas V. Hart and Dixon M. Holston, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—In this companion appeal to *Westinghouse Elec. Corp.* v. *County of Los Angeles, ante,* page 32 [116 Cal.Rptr. 742], and *American Chemical Corp.* v. *County of Los Angeles, ante,* page 45 [116 Cal.Rptr. 751], both certified for publication and filed concurrently with this opinion, appellant raises essentially the same issues discussed in *Westinghouse Electric* and *American Chemical, supra.* To the extent that appellant's contentions here are identical with the contentions raised in those companion cases, those contentions must be rejected for the reasons there stated.

The case at bench differs from *Westinghouse Electric* and *American Chemical* in three respects. Here appellant attempted to establish that its business personal property had been assessed at 50 percent of its fair cash value while other property in the county was assessed at the ratio of no more than 25 percent by evidence of four sales of real property which disclosed ratios of assessed to market value of 22.6 percent to 31.8 percent. Here appellant requested a continuance from the board of equalization so that it could produce State Board of Equalization computations of the county-wide ratio of assessment when those figures became available. Finally, in this case the record of proceedings before the board of equalization indicates that two of its members applied an erroneous standard of decision.

These differences do not distinguish the case at bench from *Westinghouse Electric* and *American Chemical.* Appellant bore the burden of proving to the board that the assessment of its property was incorrect. (*Griffith* v. *County of Los Angeles,* 267 Cal.App.2d 837, 842 [73 Cal.Rptr. 773], cert. den., 395 U.S. 945 [23 L.Ed.2d 463, 89 S.Ct. 2018]; *Glidden Company* v. *County of Alameda,* 5 Cal.App.3d 371, 382 [85 Cal.Rptr. 88, 86

Cal.Rptr. 464].) The insignificant sample of four sales of real property presented by appellant to carry its burden was insufficient for that purpose. (*Schwarz* v. *County of Marin,* 271 Cal.App.2d 120, 123 [76 Cal.Rptr. 207].) ■ Appellant has not shown prejudice from the denial of the continuance to enable it to produce the State Board of Equalization computations. No contention was made that the state board figures when available would be computed on the same aggregate fair market value of all taxable property in the county as was used by the assessor. (*Glidden Company* v. *County of Alameda, supra,* 5 Cal.App.3d 371, 381.) ■ While the board of equalization may have applied an improper standard of decision, appellant was not prejudiced because its factual showing before the board was inadequate as a matter of law to sustain a reduction of assessment. (*Schwarz* v. *County of Marin, supra,* 271 Cal.App.2d 120, 123.)

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied October 23, 1974, and appellant's petition for a hearing by the Supreme Court was denied December 24, 1974. Sullivan, J., did not participate therein.