[Civ. No. 39091. Second Dist., Div. One. Sept. 26, 1974.]

WESTINGHOUSE ELECTRIC CORPORATION,
Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

[Civ. No. 39092. Second Dist., Div. One. Sept. 26, 1974.]

SHELL OIL COMPANY, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Poindexter, Lynch & Buchanan, Poindexter & Doutre, William M. Poindexter and Edward Stevens for Plaintiffs and Appellants.

John D. Maharg and John H. Larson, County Counsel, Douglas V. Hart and Dixon M. Holston, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—In these companion appeals to *Westinghouse Elec. Corp.* v. *County of Los Angeles, ante,* page 32 [116 Cal.Rptr. 742], and *American Chemical Corp.* v. *County of Los Angeles, ante,* page 45 [116 Cal.Rptr. 751], both certified for publication and filed concurrently with this opinion, appellants raise essentially the same issues discussed in *Westinghouse Electric* and *American Chemical, supra.* To the extent that appellants' contentions here are identical with the contentions raised in those companion cases, those contentions must be rejected for the reasons there stated.

The cases at bench differ from *Westinghouse Electric* and *American Chemical* in that here the record of proceedings before the board of equalization indicates that at least two of its members applied an improper basis of decision. Appellants, however, were not prejudiced by that action. They bore the burden of proof of establishing an improper assessment before the board. (*Griffith* v. *County of Los Angeles,* 267 Cal.App.2d 837, 842 [73 Cal.Rptr. 773], cert. den., 395 U.S. 945 [23 L.Ed.2d 463, 89 S.Ct. 2018]; *Glidden Company* v. *County of Alameda,* 5 Cal.App.3d 371, 382 [85 Cal.Rptr. 88, 86 Cal.Rptr. 464].) To sustain that burden, they offered

only evidence that the State Board of Equalization's determination of county-wide ratio of assessed to market value was 25 percent while their properties had been assessed at 50 percent of full cash value. Appellants did not offer evidence that the state board ratio was computed using the same aggregate fair market value of all taxable property in the county as was used by the assessor. Absent that showing, the state board's ratio was inadmissible. (*Glidden Company* v. *County of Alameda, supra,* 5 Cal. App.3d 371, 380-381.) Thus appellants failed, as a matter of law, to sustain their burden of proof, compelling a conclusion that their properties were correctly assessed.

The judgments are affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied October 23, 1974, and appellants' petition for a hearing by the Supreme Court was denied December 24, 1974. Sullivan, J., did not participate therein.